(No. 24719.—

THE J. B. INDERRIEDEN COMPANY *et al.* Appellants, *vs.* HORACE G. LINDHEIMER, County Collector, Appellee.

*Opinion filed December 15, 1938—Rehearing denied Feb. 8, 1939.*

H. S. MARSHALL, and BENJAMIN F. J. ODELL, for appellants.

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, PHILIP H. TREACY, JACOB SHAMBERG, and MANUEL E. COWEN, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The J. B. Inderrieden Company, Henry Pratt Company, Fenske Bros. and the Meyercord Company, all Illinois corporations, filed a bill in the circuit court of Cook county against the county treasurer and *ex officio* collector of that county to restrain the collection of a portion of the capital stock tax assessed against them for the year 1934. The circuit court entered a decree denying relief and complainants have appealed directly to this court, the revenue being involved. It was stipulated in the trial court that a decision on the facts presented concerning the Inderrieden Company should be binding upon all complainant corporations.

Complainants are all engaged in the manufacturing or mercantile business and their capital stock is, therefore, assessable by the Cook county assessor, who is governed by rules promulgated by the State Tax Commission. (Ill. Rev. Stat. 1937, chap. 120, pars. 339, 340.) The commission's rule No. 11 requires local assessors to ascertain the value of capital stock by determining the fair cash value of all the assets of the corporation and deducting from that amount the value of all tangible property. In determining fair cash value, the assessor must, according to the rule, consider "among other things" (1) the value of the shares of the corporate stock and market quotations thereon, (2) the books of the corporation, (3) the tax returns previously made, and (4) other obtainable information. Obviously,

fair cash value is a matter of judgment; nowhere in the rule is any arithmetical formula laid down for the assessor to apply.

The assessor, in 1934, issued to his deputies certain instructions, including assessment order No. 22, which contained "guides and procedures" for determining the value of the capital stock of Illinois corporations. This order instructed the deputies that, under rule No. 11, all the corporation's property—tangible, intangible and mixed, including franchises and good will—must be valued in arriving at a capital stock assessment. Two methods of procedure were outlined. Under the first method, weighted averages of earnings during the past five years were to be capitalized at ten per cent and that figure added to the average of the market quotations of the corporation's shares for the past year, the sum divided by two, equalized, and the value of tangibles deducted therefrom. Where market value of the shares were not available a second method was provided by which the book value of capital, surplus and debts was to be adjusted to arrive at a fair cash value and added to the amount of the capitalized earnings, determined as in the first method, and that sum divided by two. The figure so obtained was to be equalized and from it the tangible property deducted.

The first of these methods was of no use in the case of the Inderrieden Company, as the market value of its shares could not be ascertained. Because earnings of the corporation over the five-year period ending in 1934 showed a net loss, the second method would have produced a value which was less than the value of the tangible property. The Inderrieden Company claims that since neither method revealed that its capital stock had any value in 1934, there was nothing on which to assess a capital stock tax. Yet the assessor found the capital stock of the company was worth $60,375, which, after equalization, resulted in the assessment of a tax of $1601.71. It is alleged that the

assessor merely deducted current payables from current receivables, plus cash, as they appeared on the balance sheet of the Inderrieden Company, and adopted the resulting net credit figure as the value of the capital stock. This, the company asserts, was a violation of assessment order No. 22, and therefore of rule No. 11, since the methods set up in order No. 22 were merely detailed expressions of what .is required by rule No. 11. It is also claimed the assessment violated the uniformity requirements of the constitution because the value of the capital stock of corporations, other than complainants here, was determined by one of the two procedures set forth in order No. 22.

To establish its case, the complainants placed on the stand a single witness, a deputy assessor at the time the capital stock assessments for the year 1934 were made. He testified that he did not make the assessment of the capital stock of the Inderrieden Company but supervised other deputies who made all such assessments, and that he instructed them to follow rule No. 11 of the State Tax Commission. He further stated assessment order No. 22 was only a guide to assist the deputies in arriving at their best judgment of the fair cash value of the capital stock of corporations. From his testimony it appears that the deputies considered the market value of shares, if available, the average earnings of corporations, book values, the entire assets and all elements shown on balance sheets, in arriving at the capital stock assessment, and all corporations were assessed in the same manner. It is true that an examination of the balance sheets of the Inderrieden Company shows that the net credit figure, obtained by deducting current payables from current receivables and cash, is almost exactly the same as the assessed value of the capital stock. But a single item of circumstantial evidence is not sufficient to overcome the deputy assessor's statement that other proper factors were considered and that the assessment represented the best judgment of the officer. The net credit of the cor-

porations may properly be considered as an item of information in determining the value of capital stock, and the fact that the value of net credits coincides with the assessed value of the capital stock cannot be taken as conclusive proof that the assessor did not consider other factors. It is to be presumed, until the contrary is shown, that the assessor acted according to law. (*People* v. *Millard,* 307 Ill. 556.) Complainants wholly failed to produce the deputy who actually made the assessment, or any other witnesses or records to substantiate their claims of unfairness and discrimination.

Complainants take the view that one of the methods outlined in assessment order No. 22 must be followed. But those methods, designed by the local assessor, can be no more than guides to the deputies in their determination of value. Had they been followed arbitrarily and with arithmetical precision to the exclusion of all other factors, rule No. 11 would have been violated. This court has never held that rule No. 11 establishes a mathematical formula as a substitute for the assessor's honest judgment in determining values. (*People's Gas Light and Coke Co.* v. *Stuckart,* 286 Ill. 164; *Calumet and Chicago Canal and Dock Co.* v. *Stuckart,* 275 id. 253; *People* v. *Board of Review,* 329 id. 388.) The rule merely indicates certain items, among others, which must be considered. The cases in which we have enjoined the collection of a capital stock tax have been cases in which the assessor or the State Tax Commission ignored altogether or refused to give weight to some of the factors required by rule No. 11. In *People's Gas Light and Coke Co.* v. *Stuckart, supra,* we reviewed all the capital stock assessments made by the Board of Equalization in 1909 and found that the board had "knowingly and intentionally disregarded its rules completely, making no pretense of applying them in the great majority of cases, and making its valuations in individual cases according to its will without reference to the rules, instead

of according to its judgment with reference to the rules." Likewise, in *Calumet and Chicago Canal and Dock Co.* v. *O'Connell,* 265 Ill. 106, and *State Board of Equalization* v. *People,* 191 id. 528, complainants are not aided, as in both cases the Board of Equalization failed or refused to follow the requirements of rule No. 11 in different respects.

In the present case there is no testimony of any witness that the particular assessments in issue were made arbitrarily or without the exercise of judgment. The testimony of the sole witness indicates the contrary. There is likewise no evidence to show that the capital stock of other corporations was assessed according to a different method from that applied to complainants. Nor do complainants prove that the valuation determined by the assessor exceeded the actual value of the intangible property of the corporation. For these failures of proof the circuit court of Cook county properly dismissed the complaint for want of equity. *Pacific Hotel Co.* v. *Lieb,* 83 Ill. 602.

The decree is affirmed.

*Decree affirmed.*