(No. 25953.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE
J. B. INDERRIEDEN COMPANY, Appellant.

*Opinion filed Dec. 16, 1940—Rehearing denied February 12, 1941.*

H. S. Marshall, and Benjamin F. J. Odell, for appellant.

Thomas J. Courtney, State's Attorney, Jacob Shamberg, Marshall V. Kearney, William P. Kearney, and Theodore M. Epstein, of counsel,) for appellee.

Mr. Chief Justice Gunn delivered the opinion of the court:

The People of the State of Illinois, appellee, brought an action of debt in the circuit court of Cook county against the J. B. Inderrieden Company, appellant, to recover the unpaid amount of personal tax assessed for the year 1934. The plaintiff alleged that the defendant was the owner of personal property, subject to taxation, which had been assessed for the year 1934 by the duly constituted assessing tribunals; that said assessment had been extended against defendant's personal property; that $1621.42 remained unpaid; that the county clerk had returned the collector's warrant for such personal taxes, as required by law, and that the taxes were returned unpaid and delinquent, whereby the defendant became indebted in said sum. The answer of the defendant was a denial that it owed said sum, and a denial that the personal property was assessed for said year in the amount and as required by law. Upon a trial without a jury, judgment was rendered in favor of plaintiff. The appeal comes directly to this court because the revenue is involved.

It is admitted that the plaintiff made a *prima facie* case, and that the defendant is incorporated under the laws of

Illinois as a manufacturing or mercantile business, and, hence, its capital stock is assessable by the assessor of Cook county. The assessment involved has been before this court twice in *Inderrieden Co.* v. *Lindheimer,* 370 Ill. 316, and *Inderrieden Co.* v. *Gill,* 373 id. 180. The first case involved the legality of the assessment for personal property tax for the year 1934, which was sustained by this court, and in the second case the circuit court was sustained in refusing relief on a bill in the nature of a bill of review of the proceedings in the first mentioned case.

After the plaintiff had made its *prima facie* case the defendant placed upon the stand a witness and undertook to prove facts tending to show that the assessment made by the assessor of Cook county was excessive. The attorney for plaintiff objected, and in support of his grounds for objection to testimony along this line, offered in evidence the record of the Supreme Court in *Inderrieden Co.* v. *Lindheimer, supra,* and the pleadings, decree and order of affirmance of the decree by this court. Thereupon the court sustained the objection to the introduction of defendant's testimony. An offer of proof was then made by defendant in which it is claimed that the assessment of the personal property tax for the year 1934 is illegal and excessive on the same grounds as those urged in *Inderrieden Co.* v. *Lindheimer, supra.*

The first error assigned is that the court erred in allowing evidence to be introduced tending to support a former adjudication instead of raising the issue by plea, and follows this by reargument of the question of the legality of the assessment sustained by this court in *Inderrieden Co.* v. *Lindheimer, supra.*

It is a general rule that a party to a suit must plead specially an estoppel or a former adjudication. (*Rosenthal* v. *Board of Education,* 270 Ill. 380.) There is, however, a well settled exception to the rule requiring the pleading of an estoppel, or an adjudication which would amount to

an estoppel, if the party has had no opportunity to plead it; in such case he may give it in evidence at the trial with the same effect as if it had been specially pleaded as an estoppel. *Philadelphia, W. & B. R. R. Co.* v. *Howard,* 13 How. (U. S.) 307, 14 L. ed. 157; *U. S. F. & G. Co.* v. *Wilson,* 41 Fed. (2) 319; *Shelton* v. *Southern Railway Co.* 255 Fed. 182; *West Side Lumber and Shingle Co.* v. *Herald,* 64 Ore. 210, 128 Pac. 1006; *Ahlers* v. *Smiley,* 11 Cal. A.343, 104 Pac. 997; 1 Greenleaf on Evidence (Lewis ed.) sec. 531; *Allen* v. *Allen,* 154 Ga. 581, 115 S. E. 17; note 120 A. L. R. 76, *et seq.*

In this case it appears there was an original complaint in debt to which there was an answer substantially amounting to a general issue. It was no part of the plaintiff's case to establish there had been prior determination of the legality of the assessment. It is only in cases where the estoppel or adjudication is necessary for the plaintiff's recovery that he must plead it in the complaint. (*Maxwell* v. *Longenecker,* 89 Ill. 102.) From the form of the answer the plaintiff could not anticipate what the defense might be, as a general denial would include all matters which would tend to show that the debt was not owing, or that an assessment had not, in fact, been made. Under such circumstances the above authorities hold the matter constituting estoppel is just as effective when offered in evidence without a plea as when offered in support of a plea.

There is another view of the question presented in this case that discloses the propriety of the course taken by the trial judge. An opportunity for reviewing the correctness of an assessment of property is provided by the Revenue law. (Ill. Rev. Stat. 1937, chap. 120, par. 314a, 314b.) It is incumbent upon the party objecting to an assessment to take the steps provided by law if he believes that his assessment is excessive. (*People* v. *Oakridge Cemetery Corp.* 328 Ill. 53.) When the assessment is actually made and confirmed and returned delinquent and suit is brought

thereon, a taxpayer cannot, in such suit, defend an action for the collection of a delinquent personal property tax because it is claimed to be excessive. *People* v. *Elmwood Cemetery Co.* 317 Ill. 547; *Cummins* v. *Webber,* 218 id. 521.

It is our view, under the authorities, there not only was no error upon the part of the trial court in sustaining objections to the proof offered by the defendant, after it had examined the former judgment upholding the assessment, but we are further of the opinion that it would not have been proper to receive the testimony under the issues formed, as there was a specific remedy provided by law to reach the matters the appellant sought to prove.

In view of our holding upon this proposition it becomes unnecessary to consider the other errors assigned and argued by appellant.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*