Hardware Dealers Mutual Fire Insurance Company, a Corporation, Plaintiff-Appellant, v. William Ross, Executor of the Will of Eunice Ross, Deceased, Defendant-Appellee.

Gen. No. 69–116.

Third District.

September 25, 1970.

Dennis Fox, of Moline, for appellant.

Edward Eagle, of Rock Island, and Andrew Kopp, of Moline, for appellee.

RYAN, P. J.

This is a suit by plaintiff insurance company to recover from the defendant $4,000 which it had paid to the defendant by virtue of a judgment the defendant had secured against the plaintiff in another suit which had been instituted to recover under the terms of a medical expense provision of an automobile insurance policy.

On April 19, 1967, Eunice Ross was riding as a guest in a motor vehicle owned and operated by Frances Neely when it was involved in a collision with another automobile driven by Edna Bowman. Both drivers were killed in the collision. Eunice Ross was seriously injured and died from her injuries on May 9, 1967. Her medical and funeral expenses were $4,296.87.

Neely had an insurance policy with Hardware Dealers which covered any medical or funeral expenses incurred by anyone riding in her car up to $4,000. Also, Eunice Ross, the guest, had an insurance policy with Ohio Casualty which covered her for medical and funeral expenses up to $1,000. Said policy provided that such coverage was excess over and above any other applicable insurance. Both of these companies refused to pay under the medical expense provisions of their policies.

On March 4, 1968, William Ross, Executor filed a suit against the Executor of the estate of Edna Bowman for the wrongful death of Eunice Ross.

On April 16, 1968, William Ross, Executor filed a suit against Hardware Dealers and Ohio Casualty to recover under the medical expense provisions of their respective policies.

On May 20, 1968, Hardware Dealers filed an answer and denied that Eunice Ross had incurred hospital, medical and funeral expenses in the amount of $4,296.87 and denied that at the time of the accident, Frances Neely, had an insurance policy with Hardware Dealers providing medical expense coverage up to $4,000.

On May 29, 1968, after a hearing before the court, a judgment was entered in the amount of $19,296 in the wrongful death action brought by William Ross, Executor, against the estate of Edna Bowman, deceased.

On June 24, 1968, William Ross, Executor, in consideration of $8,250 executed an agreement not to proceed further in the wrongful death case by way of execution, garnishment or otherwise against either the administrator of Edna Bowman's estate or the insurer of Edna Bowman whose policy limits were $10,000.

Subsequent to the above settlement of the wrongful death judgment, counsel in the suit by William Ross as Executor against the two insurance companies entered into a stipulation that Eunice Ross had incurred hospital, nursing, medical and funeral expenses in the amount of $4,296.87, that at the time of the collision she had a policy of insurance with Ohio Casualty which afforded medical expense coverage of $1,000, and that the driver of the vehicle in which she was riding, Frances Neely, had a policy of insurance with Hardware Dealers which afforded medical expense coverage for Eunice Ross of $4,000. On September 4, 1968, the court, on the basis of this stipulation and the pleadings and the provisions of the insurance policies, entered judgment in favor of William Ross, Executor, and against Hardware Dealers in the amount of $4,000 and against Ohio Casualty in the amount of $296.87. No appeal was taken from this judgment order.

On the same day, September 4, 1968, plaintiff herein notified the attorneys for the defendant herein that in the event of payment under the medical expense coverage provision of the policy the company "hereby puts you on notice" of its subrogation rights to any right of recovery Eunice Ross may have against any third person and of the company's lien to the extent of any payments it may make under said coverage on any recoveries by

way of settlement or judgment that may be recovered from any third person.

Again, on October 3, 1968, the insurance company, plaintiff herein, in a letter accompanying the draft in the amount of $4,000 representing payment of the judgment under the medical expense provision suit above referred to, put the defendant on notice of the subrogation provisions of the policy.

On December 13, 1968, the attorney for the defendant wrote the plaintiff and advised it that in his opinion he did not feel that the plaintiff was entitled to be subrogated under the provisions of its policy.

On January 6, 1969, the plaintiff herein filed this suit alleging that at the time of the accident Frances Neely had a policy of insurance with the plaintiff company which afforded medical pay coverage up to $4,000; that the plaintiff paid the defendant $4,000 pursuant to said coverage; that said policy had a subrogation provision in it with regard to payments under the medical pay coverage; that the defendant brought a wrongful death action against the estate of the driver of the other automobile involved and by way of settlement thereof received in excess of $4,000; that pursuant to said settlement the defendant gave a release to the defendant in the wrongful death action; that the giving of the release constituted a breach of the subrogation provisions of plaintiff's policy and prejudiced the subrogation rights of the plaintiff. The complaint then prayed for judgment against the defendant in the amount of $4,000.

The subrogation provisions of plaintiff's policy of insurance relating to payments under the medical expense coverage of the policy states:

"In the event of any payment under the Medical Expense Coverage of this policy, the company shall be subrogated to all the rights of recovery therefor

221

which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

 No explanation was offered as to why the issue presented in this case was not raised as a defense when Ross sued Hardware Dealers to recover the medical expenses. Also, the defense of res judicata has not been pleaded by Ross in this case. The two cases involve the same parties and it would appear that the issue raised in this case could have been litigated as a defense in the prior case. In such event, the doctrine of res judicata would prevent the relitigating of the question at this time. Schoenbrod v. Rosenthal, 36 Ill App2d 112, 183 NE2d 188; Jones v. Reuss, 47 Ill App2d 212, 197 NE2d 709; 23 ILP Judgments, § 378; 50 CJS Judgments, § 682. However, since the defense of res judicata has not been raised in this case, we must consider it as having been waived. 50 CJS Judgments, § 822.

The complaint alleges that defendant settled the wrongful death suit and gave a release to the defendant in that case and that the giving of the release constituted a breach of the provision of plaintiff's policy prejudicing its right of subrogation. The defendant denies he gave a release in the wrongful death suit, but alleges he had obtained a judgment against the driver of the other car in the amount of $19,296 and that he had subsequently executed an agreement not to proceed by execution or otherwise on payment of $8,250. The defendant also denies that the execution of the document constituted a breach of the policy provisions because the plaintiff had wrongfully denied liability under the policy.

The trial court in its opinion held for the defendant, stating as reasons therefor, basically: (1) that the plain-

tiff had denied liability under its policy and had, in fact, denied the existence of the policy until after the settlement of the wrongful death judgment and (2) the settlement by the defendant of his wrongful death judgment did not constitute full recovery of the debt to which the plaintiff claims the right of subrogation.

■ The plaintiff does not here contend that the determination of the trial court is against the manifest weight of the evidence nor does the plaintiff here contend that as a matter of law the document executed in the wrongful death action constituted a satisfaction in full of the obligation to which the plaintiff claims the right to be subrogated. We must, therefore, accept the finding of the trial court that there has not been a full recovery of the debt to which the plaintiff claims subrogation.

■ The general rule is that partial subrogation will not be allowed where the debt has not been paid in full. 83 CJS Subrogation, § 10.

The reason for the rule is stated in Robbins v. Slavin, 292 Ill App 479, 11 NE2d 651, at page 490:

"If the surety upon making partial payment became entitled to subrogation it would operate to place him upon a footing of equality with the holders of the unpaid part of the debt, and if the property were insufficient to pay the remainder of the debt for which the guarantor was bound the loss would fall proportionately upon the creditor and upon the surety, and that, 'such a result would be grossly inequitable.'

"Obviously it would be unjust to permit the guarantor on payment of part of a debt to appropriate to himself the security which the creditor holds for the entire debt."

The plaintiff contends that the reason for the rule as thus stated does not exist in this case and, therefore, the

rule should not be applied. Plaintiff contends that in insurance subrogation claims the debtor-creditor relationship in the law of sureties upon which the general rule is founded does not exist. Under insurance subrogation claims, the company does not attempt to levy upon the debtor third party but upon the creditor, the insured. For this reason, the company is not attempting to appropriate to itself upon partial payment the security for the entire debt. Plaintiff also contends that since the defendant here accepted a settlement of less than the policy limits in the wrongful death case, he should not now be permitted to say that there was not full recovery.

■ We can find no reason for not applying the general rule in this case. The trial court found that the settlement by the defendant of the wrongful death action did not constitute full recovery of the debt. Obviously, the trial court must have found that the agreement not to proceed executed by the defendant at the time of the settlement did not constitute a complete release or discharge or satisfaction of the debt. There has been no contention in this court that such a determination was against the manifest weight of the evidence or that the document which was executed as a matter of law constituted a complete release or discharge of the obligation. We must, therefore, accept the finding of the trial court that the settlement did not constitute full recovery of the debt. Applying the general rule above stated, we hold that the defendant holds no part of the amount recovered in the wrongful death action for the benefit of the plaintiff herein.

■ We further hold that the plaintiff is not entitled to recover because in the action which the defendant had instituted against the plaintiff seeking to recover under the provisions of the medical expense clause of the policy, Hardware Dealers not only denied liability under the policy, but denied that at the time of the accident Neely

224

had a policy of insurance with Hardware Dealers which afforded medical expense coverage. This was the posture Hardware Dealers continued to assume until after Ross settled the wrongful death claim against Bowman. Subsequent to such settlement, Hardware Dealers changed its position and stipulated the existence of the policy and the expenses incurred by Eunice Ross. The court thereupon entered judgment against Hardware Dealers for $4,000.

The defendant Ross urges that since this is an action based on the subrogation provision of Hardware Dealers policy it should not be permitted to maintain the same because at the time recovery was made in the wrongful death action Hardware Dealers had denied liability and the existence of the policy under which it now seeks to recover. In support of this position, the defendant cites Sims v. Illinois Nat. Cas. Co. of Springfield, 43 Ill App2d 184, 193 NE2d 123, and Dinn Oil Co. v. Hanover Ins. Co., 87 Ill App2d 206, 230 NE2d 702.

Plaintiff contends that the holding in the Dinn case places an unwarranted burden on an insurer which would require the insurance company to refrain from denying liability and to pay all claims or be estopped thereafter from raising policy defenses in any subsequent suit. In the Dinn case, the court held that the insurance company having denied liability under the policy of insurance, could not invoke as a defense to a suit on the policy an alleged violation of the policy by the plaintiff under facts similar to those present in this case.

█ We find it unnecessary to consider the consequences of the Dinn case as conjectured by the plaintiff because we have here not only a denial of liability under a policy of insurance, as in the Dinn case, but also a denial of the existence of the policy under the terms of which the plaintiff now seeks to recover. It would appear that equity and good conscience should not permit an insurance company to deny that it had issued a policy of

insurance and to maintain that position until after a situation arises which it thinks will give rise to a defense on the policy. It would further appear that the insurance company should not then be permitted to suddenly change its position, admit the existence of the policy and attempt to escape liability thereunder by raising as a defense an alleged breach of the policy, which occurred during the time that the company was taking the position that the policy was not in existence. Such conduct is quite similar to the conduct condemned in Sims v. Illinois Nat. Cas. Co. of Springfield, supra, at page 197:

> "the insurer has no right to insist that the insured be bound by the provisions of the insurance contract inuring to its benefit . . . when it has already breached the contract by violating the provisions inuring to the benefit of the insured."

Under the facts of this case, we feel that Hardware Dealers should not be permitted to recover under the subrogation provision of its policy of insurance when at the time of the recovery to which it now seeks to be subrogated, it maintained that the policy of insurance under which it now claims did not exist.

Affirmed.

STOUDER and ALLOY, JJ., concur.