James Caporale *et al.*, Plaintiffs-Appellees, *v.* Shannon Plumbing Company, Inc. *et al.*, Defendants-Appellants.

(No. 59407; )

First District (1st Division)—June 17, 1974.

HALLETT, J., specially concurring.

Latchford, Rice & O'Brien, of Chicago (James B. Rice, of counsel), for appellants.

Arnold and Kadjan, of Chicago (Daniel N. Kadjan, of counsel), for appellees.

512

Mr. JUSTICE BURKE delivered the opinion of the court:

Plaintiffs, as trustees of various funds, filed a complaint seeking to recover amounts which the defendants failed over a period of time to contribute to the funds, as required by collective bargaining agreement. After a bench trial, judgment was entered for the plaintiffs and against defendants, who appeal on the ground that a former adjudication as to part of the period involved bars recovery as to that part.

In 1971 the plaintiffs, as trustees of the Laborers' Pension Fund Laborers' Welfare Fund and Laborers' Holiday Fund of the Construction and General Laborers' District Council of Chicago and Vicinity, sued for the recovery of amounts which the defendants were required but failed to contribute to the various funds represented by the plaintiffs. The plaintiffs' first suit in the Municipal Division of the Cook County Circuit Court was for contributions due in the period June 1, 1968, to November 30, 1970. The plaintiffs instituted a second suit in the Law Division of the Cook County Circuit Court for amounts due in the period June 1, 1968, to April, 1973. The two suits were consolidated on October 4, 1972, and the suit in the Municipal Division was dismissed with prejudice. On April 17, 1973, judgment was entered in favor of the plaintiffs in the second suit. The amount awarded as damages represented contributions not paid during the period June 1, 1968, to April, 1973. The defendants filed a motion to vacate the judgment on the grounds, among others, that the dismissal of the Municipal Division suit with prejudice was an adjudication on the merits in favor of the defendants. The defendants argue on this appeal that the judgment award in the second suit should be reduced by the amount attributable to the period involved in the Municipal Division suit—June 1, 1968, to November 30, 1970.

■■ The issue before this court is whether the trial court erred in refusing to reduce the judgment in light of the former adjudication. Res judicata is a doctrine which reflects the judicial policy in favor of the finality of judgments. It allows a party to prevent repeated litigation of the same cause of action. Before enactment of section 48 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48), res judicata had to be raised, if at all, by the pleadings or, if there were no opportunity to plead it, by evidence at trial. (*People v. J. B. Inderrieden Co.*, 375 Ill. 458, 31 N.E.2d 580.) Section 48 provides that res judicata may also be raised by a motion to dismiss.

■■ The effect of a timely raising of res judicata has been expressed by this court:

"It [*res judicata*] is a controlling defense and will, if found actually to exist, bar the suit by a speedy determination of it. It is apparent that if the issues between plaintiff and defendants have

been adjudicated in a former action at law or suit in equity in favor of defendants, defendants have thereby obtained substantial rights of which they ought not to be deprived. Litigation the second time of the same questions between the same parties would deprive them of such rights. Defendant litigants have just as much right to have litigation ended as plaintiffs have to begin it." *Bernick v. Chicago Title & Trust Co.*, 325 Ill.App. 495, 501, 60 N.E.2d 442.

The "substantial rights" bestowed by a former adjudication can, however, be waived by failure to raise the defense of *res judicata.* (*Hardware Dealers Mutual Fire Insurance Co. v. Ross*, 129 Ill.App.2d 217, 262 N.E.2d 618.) This brings us to the question of whether the defendants here effectively waived their right to raise this defense.

■■ The defendants did not raise the prior adjudication until after judgment was rendered in the second suit. No reason is given for their silence. Res judicata is invoked to prevent the re-litigating of matters which have gone to judgment on the merits. Participation in such re-litigation through judgment on the merits, with no reason given for the failure to raise it, must be deemed a waiver of res judicata. Such a participation cannot after judgment be heard to complain that res judicata would have barred the litigation of a part of it.

■■■ The defendants' argument that the doctrine of res judicata applies in this case cannot be sustained. We agree that dismissal of a cause with prejudice is deemed to be an adjudication on the merits. (*Bernhardt v. Fritzshall*, 9 Ill.App.3d 1041, 293 N.E.2d 650.) But where, as here, the parties stipulate to dismiss the suit with prejudice as a matter of administrative convenience, they will be estopped from arguing that this was an adjudication on the merits.

For the reasons stated, the judgment is affirmed.

Judgment affirmed.

GOLDBERG, J., concurs.

Mr. JUSTICE HALLETT specially concurring:

I concur in the foregoing judgment and in most of the reasoning but would add one further ground. In my opinion, an "agreed" or "stipulated" order or judgment does not require the acquiescing court judicially to decide anything and the result is therefore not res judicata in the true sense. As was said in *Granzow v. Village of Lyons, Ill.* (7th Cir. 1937), 89 F.2d 83, 86 (in reversing a judgment based on res judicata):

"* * * The order was the consequence of consent and not of judgment by the court. Consequently it could not be treated as

res judicata. Lawrence Manufacturing Co. v. Janesville Cotton Mills, 138 U.S. 552, 11 S.Ct. 402, 34 L.Ed. 1005; San Francisco v. Le Roy, 138 U.S. 656, 11 S.Ct. 364, 34 L.Ed. 1096."