(No. 83-CC-0314-)

STATE FARM INS. CO., as Subrogee of EVANGELICAL CHILD & FAMILY AGENCY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 1, 1996.*

GARRETSON & SANTORA, LTD., (RICHARD S. SPENCER, of counsel), for Claimant.

JIM RYAN, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This is a subrogation claim. State Farm insured a vehicle driven by Barbara Jean Hellmer which was involved in an accident with an Illinois Department of Transportation truck. The State had previously sued in Circuit Court to recover the amount of workers' compensation paid to their employee, the driver of the truck. This case was settled with the State receiving the amount sought. However, the settlement resulted in a dismissal of the action, not a judgment or court order.

State Farm now brings an action in the Court of Claims for recovery of the amount of money paid by it for damage to the vehicle driven by Mrs. Hellmer. It should be noted that State Farm originally brought a cause of action

in circuit court, but that was dismissed because of sovereign immunity.

A trial was held in this matter before a commissioner of this Court. Many objections were made as to the introduction of evidence regarding the other lawsuit. In addition, the attorney for the Respondent attempted to raise the issue of *res judicata* or *collateral estoppel.* However, because the prior lawsuit was settled without benefit of a final court order or judgment, the doctrines of *res judicata* and/or *collateral estoppel* do not apply. It appears that the prior matter was settled via an agreed or stipulated order of dismissal. This will prevent the Respondent from now arguing that it was a sufficient adjudication on the merits for the purposes of raising the doctrine of *res judicata.* It actually appears that there is a split of authority in Illinois cases as to whether a dismissal with prejudice pursuant to a settlement is sufficient to raise *res judicata. Caporale v. Shannon Plumbing Company, Inc.* (1974), 20 Ill. App. 3d 511, 314 N.E.2d 540, holds that where parties stipulate to dismiss a suit with prejudice as a matter of administrative convenience, they will be estopped from arguing that this was an adjudication on the merits. However, *Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, 373 N.E.2d 565, 15 Ill. Dec. 219, holds that if a court approves a settlement, it merges all included claims and causes of actions and is a bar to further proceedings. The case further holds that a dismissal with prejudice is as conclusive of rights of parties as if suit had been prosecuted to a final adjudication adverse to the plaintiffs.

From the apparent split of authority on this issue, we must apply the facts of this case. In this case, the Claimant filed a counterclaim in circuit court. That counterclaim was dismissed on the basis of sovereign immunity. Therefore, all prior claims and causes of action could not be

merged by virtue of the settlement and previous dismissal in circuit court. Therefore, we decline to apply the issue of *res judicata* in the present case. Because of that, we must decide this case based on the evidence presented.

Mrs. Hellmer testified at trial. The State presented no evidence. The Court has considered the departmental report which was submitted by the State. Based on the evidence presented, State Farm has met its burden of proof on the issue of liability. Damages are basically uncontested. Therefore, State Farm is awarded the sum of $1,272.58, the actual amount paid out by State Farm.