In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1942

H.A.L. NY HOLDINGS, LLC,

*Plaintiff-Appellant,*

*v.*

JOSEPH MICHAEL GUINAN, JR.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-cv-07615 — **Robert W. Gettleman**, *Judge.*

ARGUED JANUARY 23, 2020 — DECIDED MAY 5, 2020

Before ROVNER, HAMILTON, and SCUDDER, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Plaintiff H.A.L. NY Holdings,
LLC is in the business of trading securities. It set up a broker-
age account with Advantage Futures, LLC in Chicago.
H.A.L.'s trading losses led Advantage to issue margin calls,
which H.A.L. failed to meet. Advantage then liquidated
H.A.L.'s account, leaving a negative balance of more than
$75,000. When H.A.L. failed to pay, Advantage sued in fed-

eral court in Chicago. H.A.L. responded with an offer of judgment under Federal Rule of Civil Procedure 68 for the entire amount in dispute, plus attorney fees and costs. Advantage accepted and judgment was entered.

One might expect that to have been the end of the story. But H.A.L. did not actually pay the judgment it had offered. Instead, H.A.L. filed this new lawsuit against the CEO of Advantage claiming damages of more than $25 million arising from the same transactions. The Advantage CEO invoked the defense of res judicata based on the prior judgment. The district court agreed and dismissed this case. H.A.L. has appealed.

We affirm. Several features of this appeal also convince us that this is one of those unusual cases where we should impose sanctions under Federal Rule of Appellate Procedure 38. H.A.L. admits that its solitary argument to the district court was wrong and offers in its place an entirely new argument on appeal. Both are meritless. And after telling the district court that state law is irrelevant, H.A.L. now insists that if we do not reverse, only certification to the state supreme court can resolve this case. This appeal is an exercise in unacceptable gamesmanship, without a reasonable and good-faith basis. Hence the Rule 38 sanctions.

I. *Factual and Procedural Background*

We state the facts as alleged in the complaint in this case and, to the extent not inconsistent with them, as alleged in the complaint and as revealed by the docket in the prior case, both proper subjects of judicial notice on a motion to dismiss. *Watkins v. United States*, 854 F.3d 947, 950 (7th Cir. 2017) (prior complaint); *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173

(7th Cir. 2010) (prior case docket). Plaintiff H.A.L. NY Holdings, LLC is a New York company whose business is trading stock index futures and options. In September 2015, H.A.L. set up a brokerage account to trade through Advantage Futures, LLC, an Illinois company and registered futures commission merchant. Defendant Joseph Michael Guinan, Jr., is Advantage's chairman and chief executive.

H.A.L. suffered trading losses and failed to respond promptly to margin calls by Advantage. Advantage then liquidated H.A.L.'s trading positions, which left H.A.L. with a negative account balance of $75,375.26. In September 2017 Advantage sued H.A.L. in the Northern District of Illinois for that amount. The district court had jurisdiction of the case under 28 U.S.C. § 1332. On November 14, 2017 H.A.L. made an offer of judgment under Federal Rule of Civil Procedure 68 for the full amount of the claim plus prejudgment interest, attorney fees, and costs. Advantage accepted the offer one week later, and the district court entered the judgment in Advantage's favor. The parties agreed at oral argument before this court that the judgment had not been paid as of January 23, 2020.

A few months after entry of judgment in Illinois, on March 14, 2018, H.A.L. filed this lawsuit, not against Advantage but against CEO Guinan, in the Southern District of New York, alleging that he breached common law and federal statutory duties, causing the demise of H.A.L's account with Advantage to the tune of $25,500,000 in damages. The district court had jurisdiction of the case under 28 U.S.C. §§ 1331 and 1367. On Guinan's motion, the case was transferred to the Northern District of Illinois under 28 U.S.C. § 1404(a).

Guinan moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that the prior Rule 68 judgment between Advantage and H.A.L. was res judicata barring the new suit by H.A.L. against Guinan. The district court agreed, granted Guinan's motion, and entered final judgment in his favor. H.A.L. has appealed.

II. *Analysis*

On the merits, the question is whether the prior Rule 68 judgment should be given res judicata effect to bar H.A.L.'s claims in this lawsuit. H.A.L.'s opening brief is dedicated chiefly to arguing that Illinois law on this point either favors it or is so uncertain that, if we do not reverse, we should at least certify a question of state law to the Illinois Supreme Court under Circuit Rule 52. Guinan opposes certification and seeks sanctions under Federal Rule of Appellate Procedure 38 for taking a frivolous appeal.

A. *Standard of Review*

We review de novo the district court's dismissal of the action for failure to state a claim. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 644 (7th Cir. 2019). The attentive reader will have noted that the district court did not actually rule H.A.L.'s complaint failed to state a claim; it reached the quite different conclusion that the lawsuit is barred by the affirmative defense of res judicata. "Federal law distinguishes between the two, and so too should the careful litigator." Amy St. Eve & Michael A. Zuckerman, *The Forgotten Pleading*, 7 Fed. Cts. L. Rev. 152, 160 (2013). Strictly speaking, the correct vehicle for determining an affirmative defense on the pleadings is an answer and a motion for judgment on the pleadings under Rule 12(c). *Benson*, 944 F.3d at 645, and the

cases cited. Observing the distinction is necessary to allocate correctly the burdens of pleading and proof, and can thus be critical to the proper application of the Rule 12 standards.

In this particular case, however, the factual foundation for the res judicata defense can be found in the records of the first district court case, the contents of which are subject to judicial notice. The choice between Rule 12(b)(6) and Rule 12(c) has no practical effect here, and our review is plenary either way. See *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003).

B.  *The Rule 68 Judgment*

On the merits, the general rule is that the res judicata effect of a federal judgment is a matter of federal common law. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001). As in this case, though, when the prior federal judgment was rendered as an exercise of a federal court's diversity jurisdiction over state-law claims, federal common law refers to the res judicata (claim preclusion) law of the state in which the rendering court sits, unless applying that law would be "incompatible with federal interests." *Id.* at 508–09. This rule is not dictated by the Rules of Decision Act, 28 U.S.C. § 1652, so that *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), does not apply by its terms. *Semtek* shares *Erie*'s concerns, however, see 531 U.S. at 504, 508–09, so we turn to *Erie* for guidance in determining state law.

We apply state law "as it either has been determined by the highest court of the state or as it would be by that court if the present case were before it now." *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002). Contrary to H.A.L.'s arguments, we do not try to apply what we perceive to be a regional law within a state, such as might arise if a state

has intermediate courts with geographic divisions that have disagreed on the relevant content of state law. See *id.* at 634, 636.

The prior Rule 68 judgment was rendered in the Northern District of Illinois, so *Semtek* directs us to Illinois claim preclusion law. In Illinois, the defense of res judicata or claim preclusion requires proof of three elements: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies." *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996). The defense precludes not only relitigation of "what was actually decided in the original action," but also litigation of any "matters which could have been decided in that suit." *Id.* In this case, the second and third elements are admitted. H.A.L. challenges the first element, arguing that Illinois would not regard a Rule 68 judgment as "a final judgment on the merits" eligible for claim-preclusive effect.

Illinois is one of the few American jurisdictions without a general offer-of-judgment rule analogous to Federal Rule of Civil Procedure 68. See 735 Ill. Comp. Stat. 5/2-101 to 2-2301 (code of civil procedure); Laura T. Kidwell, *State Offer of Judgment Rule—Construction, Operation, and Effect of Acceptance and Resulting Judgment*, 120 A.L.R. 5th 559 (2004 & supp. 2012). That does not matter. Illinois courts are familiar with consent judgments more generally. See, e.g., *U.S. Bank N.A. v. Johnson*, 55 N.E.3d 742, 746 (Ill. App. 2016). That's what a Rule 68 judgment is. See, e.g., *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 682–83 (7th Cir. 2001). The special feature of Rule 68—its wager of costs after an unaccepted offer in subsection 68(d)— is not material to the res judicata effect of an accepted offer.

And we have held repeatedly that Illinois gives consent judgments claim-preclusive effect if preclusion otherwise applies. For example, in *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529–30 (7th Cir. 2000), we affirmed dismissal of a new challenge to a town's ordinance because the parties had settled an earlier dispute with the equivalent of a consent decree: an Illinois state-court judgment that incorporated the terms of the parties' agreement. As the district court correctly concluded, that is the end of H.A.L.'s case.

C. *H.A.L.'s Counterarguments*

H.A.L.'s contrary arguments on appeal were "foreordained to lose." *Jaworski v. Master Hand Contractors, Inc.*, 882 F.3d 686, 691 (7th Cir. 2018). First, H.A.L. never breathed a whisper of Illinois law in the district court. Instead, H.A.L.'s brief on the preclusion issue ignored *Semtek* and insisted that state law was irrelevant. On appeal, though, H.A.L. has shifted to an entirely new theory, based entirely on Illinois law. That entirely new theory was of course waived, and H.A.L. and its lawyer should have known that before pursuing this theory on appeal. Now on appeal, H.A.L. concedes that its arguments in the district court were "wrong." It does not argue that Illinois law actually supports it. It argues instead that we should either apply what it says is the law of the Illinois Appellate Court's *First District* or certify the question of state law to the Illinois Supreme Court. Clearer cases of waiver "in the truest sense" are hard to find. *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012).

Second, putting aside the fatal waiver, even on its own terms H.A.L.'s position in the district court was wrong on the merits of federal law, without reference to state law. H.A.L. argued that federal law would not allow giving res judicata

effect to Rule 68 judgments. Federal law holds just the opposite. E.g., *Arizona v. California*, 530 U.S. 392, 414 (2000) ("consent judgments ordinarily support claim preclusion"); *United States v. International Bldg. Co.*, 345 U.S. 502, 506 (1953) ("Certainly the [consent] judgments entered are res judicata of the tax claims"); *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 906 (7th Cir. 1990) ("consent judgments ordinarily support claim preclusion"); *Martino v. McDonald's Sys., Inc.*, 598 F.2d 1079, 1083 (7th Cir. 1979) ("The conclusion of the earlier … lawsuit with a consent judgment does not prevent the earlier judgment from having a res judicata effect."); *Beloit Culligan Soft Water Serv., Inc. v. Culligan, Inc.*, 274 F.2d 29, 35 (7th Cir. 1959) ("A consent judgment operates as a res judicata."); see also *United States v. Fisher*, 864 F.2d 434, 439 (7th Cir. 1988) ("A consent decree is res judicata").

H.A.L. argued that the prior Rule 68 judgment was not a "final judgment on the merits" because it contained no admission of liability. This was and is a non-starter. See *International Bldg. Co.*, 345 U.S. at 506 ("Certainly the [consent] judgments entered are res judicata of the tax claims … , whether or not the basis of the agreements on which they rest reached the merits."). "The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end." Restatement (Second) of Judgments § 19 cmt. a (Am. Law Inst. 1982). What difference could it make for this purpose that the plaintiff previously insisted it did nothing wrong while agreeing in the same breath to pay money on pain of contempt against defendant's claim of wrongdoing? See *Fletcher v. City of Fort Wayne*, 162 F.3d 975,

977 (7th Cir. 1998). Patent law recognizes a narrow and carefully limited exception, holding that admissions of liability are required to give certain consent judgments preclusive effect. See *American Equip. Corp. v. Wikomi Mfg. Co.*, 630 F.3d 544, 546 (7th Cir. 1980) (for reasons specific to patent law: "Res judicata effect will not be accorded to consent decrees containing only a concession of the validity of the patent without an … acknowledgment of its infringement."). As best we can tell, that exception is limited to consent judgments regarding patent validity, and H.A.L. did not even try to rely on it in the district court.

Third, waiver notwithstanding, H.A.L.'s position on appeal is foreclosed as a matter of controlling circuit law applying Illinois claim-preclusion law. H.A.L.'s opening brief cited neither *4901 Corporation* nor our other precedents on the preclusive effect accorded by Illinois to "equivalent" compromise judgments. See *4901 Corp.*, 220 F.3d at 529–30; see also *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818 (7th Cir. 2011) (voluntary dismissal with prejudice pursuant to settlement agreement was res judicata under Illinois law); *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 312–14 (7th Cir. 1996) (judgment incorporating settlement agreement, "rather than being the result of full litigation on the merits," was res judicata under Illinois law); *Torres v. Rebarchak*, 814 F.2d 1219, 1223 (7th Cir. 1987) (under Illinois law, "*res judicata* applies even if the dismissal was the result of a settlement or compromise between the parties") (cited once without discussion by H.A.L.). The precedential force of these decisions is not impaired by a handful of Illinois Appellate Court opinions arguably stating the law differently. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004).

Our task is to apply the law of *Illinois*, not the law of a particular geographic district of the intermediate appellate court. *Allstate Ins. Co.*, 285 F.3d at 636. H.A.L. offers no reason to believe that the Illinois Supreme Court would disavow the weight of Illinois authority, which we have read uniformly to allow claim preclusion by consent judgment, only to adopt the law of an embattled minority of sister jurisdictions. See Sheldon R. Shapiro, *Modern Views of State Courts as to Whether Consent Judgment Is Entitled to Res Judicata or Collateral Estoppel Effect*, 91 A.L.R. 3d 1170, § 3[a] (1979 & supp. 2019) (Illinois, forty-one other states, and District of Columbia allow claim preclusion by consent judgment). H.A.L.'s opening brief cites two precedential opinions from the Illinois Appellate Court's First District, which H.A.L. reads as going its way. Defendant Guinan cites twelve precedential opinions going the other way, from all four districts of the Appellate Court issued over a thirty-five year period.

Empirically the "split" is thus largely illusory. It is wholly so when we trace the First District foundations for H.A.L.'s new appellate argument in *Kandalepas v. Economou*, 645 N.E.2d 543 (Ill. App. 1994), and *Caporale v. Shannon Plumbing Co.*, 314 N.E.2d 540 (Ill. App. 1974). *Kandelepas* is commonly quoted to the effect that "an agreed order is not a judicial determination of the parties' rights" but "a recordation of the agreement between the parties." 645 N.E.2d at 548.[1] A federal court is most certainly *not* "a recorder of contracts" but "an

---

[1] *Kandalepas* took this language from a case applying the uncontroversial and here irrelevant rule that "an agreed order generally is not subject to appellate review." *In re Haber*, 425 N.E.2d 1007, 1009 (Ill. App. 1981). See, e.g., *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 682–83 (7th Cir. 2001).

organ of government" charged with the exercise of federal power. *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). Refusing preclusion on this theory thus might well be "incompatible with federal interests." See *Semtek*, 531 U.S. at 509. In any event the quoted statement is obiter dictum. The holding of *Kandalepas* was that that a first agreed order (entered in 1987) was not res judicata as to a third order (entered in 1991) where a second agreed order (entered in 1988) had been vacated because decided by coin-flip and the first had been abandoned by the parties and the court in favor of the second after a motion to vacate the first was filed but never ruled on. 645 N.E.2d at 545, 548. Given that unusual situation, whatever *Kandalepas* stands for, it is not that consent judgments cannot be res judicata.

*Caporale* also does not help H.A.L. The case held that a defendant had waived its argument that a prior stipulated dismissal was res judicata by participating in subsequent litigation through a contested judgment. 314 N.E.2d at 542. In the alternative, a stipulated dismissal "as a matter of administrative convenience" (the two suits had been consolidated before the first was dismissed, *id.* at 541) estopped the defendant from raising the defense. *Id.* at 542. That *Caporale* does not hold that consent judgments cannot be res judicata is clear from the opinion of the concurring judge, who thought they could not be. See *id.* (Hallett, J., concurring). We see nothing in *Kandalepas*, *Caporale*, or the cases citing them that would persuade the Illinois Supreme Court to reject the weight of contrary authority from its own decisions, many other Illinois appellate decisions, and courts in other jurisdictions.

III. *Motion to Certify*

As for H.A.L.'s motion to certify an issue of law to the Illinois Supreme Court under Circuit Rule 52, the "most important consideration" in deciding whether to certify is "whether the reviewing court finds itself genuinely uncertain about a question of state law that is vital to a correct disposition of the case." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 671 (7th Cir. 2001). For the reasons just explained, we are not genuinely uncertain about Illinois law on this point. The motion to certify is denied.

IV. *Motion for Sanctions*

There remains only defendant Guinan's motion for sanctions under Federal Rule of Appellate Procedure 38, which permits an award of "just damages and single or double costs to the appellee" in a frivolous appeal. "We have found appeals frivolous where the appellants simply failed to put together a coherent argument that came to grips with the applicable law, the relevant facts, and the district courts' reasoning." *Harris N.A. v. Hershey*, 711 F.3d 794, 802 (7th Cir. 2013), citing, e.g., *Williams v. U.S. Postal Service*, 873 F.2d 1069, 1075 (7th Cir. 1989) (imposing Rule 38 sanctions where appellant failed to cite relevant cases or address district court's reasoning); *Rosenburg v. Lincoln American Life Ins. Co.*, 883 F.2d 1328, 1339–40 (7th Cir. 1989) (imposing Rule 38 sanctions on life insurance company that refused to pay death benefit and then appealed adverse jury verdict without coming to grips with applicable law and relevant evidence); see also *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 760 (7th Cir. 2005) (ordering appellant to show cause why Rule 38 sanctions should not be imposed where arguments on appeal were "almost incomprehensible and entirely nonsensical,"

and there was "simply no legal foundation" for claims). This is the meaning of our admonitions against "rehash[ing] positions the district court properly rejected." *Jaworski v. Master Hand Contractors, Inc.*, 882 F.3d 686, 691 (7th Cir. 2018). What is sanctionable is not merely repeating a losing argument. That is necessary to avoid waiver. What is sanctionable is doing so while "fail[ing] to present any arguable reason why the district court erred" in rejecting the argument the first time. *Bugg v. Int'l Union of Allied Indus. Workers of Am., Local 507*, 674 F.2d 595, 600 (7th Cir. 1982).

H.A.L.'s appeal fits this bill. Its sole argument to the district court—that federal law applied and Rule 68 judgments could not support res judicata—was doomed. First, it was built on the admittedly flawed premise that state law was irrelevant. Second, it was doomed on its own terms by unanimous federal precedent. On appeal H.A.L. has conceded that its sole argument to the district court was "wrong," which effectively concedes that its appeal cannot succeed. Most of its opening brief argued that Illinois law on claim preclusion was unsettled. The brief did not address our precedents applying that law, nor did it attempt to apply our well-settled predictive approach to determining its content as a matter of first principles. Finally, H.A.L.'s only substantive argument against claim preclusion is contained in three pages of its opening brief that repeated its position (no admission of liability equals no preclusion) without even addressing the controlling authority that the district court cited and followed. Failing to engage with a district court's central reasons and authority is usually a reliable sign of a doomed appeal. E.g., *Hackett v. City of South Bend*, — F.3d —, — (7th Cir. 2020); *Webster v. CDI Indiana, LLC*, 917 F.3d 574, 578 (7th Cir. 2019); *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018)

("an appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success"); *Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir. 2011) ("ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless," quoting *Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043, 1047 (7th Cir. 1989), quoting in turn *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1198 (7th Cir. 1987) (imposing sanctions under Rule 38)). And saving an attack on the district court's reasons for an appellant's reply brief does not salvage an otherwise frivolous appeal; the reply brief is an opportunity to reply, not to say what should have been said in the opening brief. *Parrillo v. Commercial Union Ins. Co.*, 85 F.3d 1245, 1250 (7th Cir. 1996). This appeal was objectively frivolous from beginning to end.

"When an appeal is frivolous, Rule 38 sanctions are not mandatory but are left to the sound discretion of the court of appeals to decide whether sanctions are appropriate." *Harris*, 711 F.3d at 802. "Typically the courts have looked for some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy." *Reid v. United States*, 715 F.2d 1148, 1155 (7th Cir. 1983), citing *Ruderer v. Fines*, 614 F.2d 1128, 1132 (7th Cir. 1980), and *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) (discussing scope of bad faith). This appeal fits that description, for several reasons.

After having made a Rule 68 offer of judgment that was accepted, H.A.L.'s unsuccessful attempt to litigate its case on its home turf, its continuing failure to pay the judgment it offered to Advantage, its appellate abandonment of its

district-court theory, and the last-ditch quality of its motion to certify together smack of gamesmanship and delay well worth deterring. See *Harris*, 711 F.3d at 801 ("Rule 38 has both a compensatory and a deterrent purpose."); *Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 661 (7th Cir. 1992) (sanctions appropriate where appeal taken for purpose of delay). It appears highly doubtful H.A.L. ever intended to pay the judgment it offered. Instead, it launched this new case, originally in a new venue, seeking a fresh start with massive damage claims against which Advantage's prior judgment would offer only a tiny discount. At the very least, we are convinced that H.A.L. has pursued this appeal as part of an effort to keep this doomed case on life-support as long as possible as a bargaining chip with Advantage.

We close by emphasizing again that this court's doors are always open to "disagreements brought to us in good faith," *Harris*, 711 F.3d at 801, including good-faith arguments for modifying or reversing existing law. See Fed. R. Civ. P. 11(b)(2); *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029–30 (7th Cir. 2004) ("This is not to say that decisions of intermediate state courts *never* could induce us to look afresh at issues of state law; a decision demonstrating that our initial resolution rested on some obvious error would do the trick."); *Sparks v. N.L.R.B.*, 835 F.2d 705, 707 (7th Cir. 1987) (Fed. R. Civ. P. 11 informs Fed. R. App. P. 38). Where, an appellant has ignored controlling precedent and occasionally misrepresented it (for example, H.A.L. claimed "The Seventh Circuit and the Northern District of Illinois have applied both of Illinois' approaches to *res judicata*" when we have done no such thing), we may impose sanctions for deterrent and compensatory purposes without fear of chilling good-faith arguments in the future.

The judgment of the district court is AFFIRMED. Plaintiff H.A.L.'s motion to certify a question of law to the Illinois Supreme Court is DENIED. Defendant Guinan's motion for sanctions is GRANTED. Guinan may submit an affidavit and supporting documentation within 21 days after the issuance of this opinion specifying his damages incurred in defending this appeal. H.A.L. may file a response within 21 days after Guinan's submission is docketed.