NATHAN FREEDMAN *et al.*, Plaintiffs-Appellants, *v.* ASTOR DEVELOPMENT COMPANY, Defendant-Appellee and Third-Party Plaintiff-Appellant.—(MALKO ELECTRIC COMPANY *et al.*, Third-Party Defendants-Appellees.)

First District (4th Division)    No. 76-974

Opinion filed August 24, 1978.

Jerome Rotenberg and Norman R. Liebling, both of Chicago, for appellants.

Heineke & Schrader, of Chicago, for appellee Astor Development Company.

Martin M. Ruken, Dana H. Freyer, Terry F. Moritz, and Barry S. Kellman, all of Chicago, for Malko Electric Company *et al.*

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The plaintiffs appeal from an order of the trial court granting summary judgment in favor of the defendants and against the plaintiffs. There is also a cross-

appeal by the defendant against the third-party defendants, argued in the alternative.

For the purpose of this appeal we need only consider the issue raised by the plaintiffs-appellants, whether or not the trial court erred in granting summary judgment for the defendants.

The facts of the case are the plaintiffs purchased a condominium unit from the defendant, who was the developer of the condominium building. They purchased their unit in 1967 and took possession in June of 1968. In March of 1969, they instituted an action in the circuit court of Cook County against the developer seeking various forms of extraordinary relief. Generally the plaintiffs alleged their unit was not constructed in accordance with the plans and specifications of the developer and was not constructed in a good and workmanlike manner. In October of 1969, they also asked the trial court to rescind their contract alleging fraud on the part of the developer. In May of 1972, the trial court denied their claim for rescission and equitable relief and ordered the case transferred to the Law Division. In January of 1973, the order was made final and appealable and in February of 1973, the plaintiffs filed a notice of appeal. Nothing was ever done beyond the filing of the notice of appeal to perfect the appeal and in December of 1975, the plaintiffs filed a second amended complaint realleging the same issues as before and also alleging the developer had breached the sales agreement. After hearing argument, on April 30, 1976, the trial court granted summary judgment for the defendant, holding res judicata applied, based on the fact another case, a class action, had been filed, litigated and settled. The plaintiffs were members of the class action and did notify the court of their desire not to participate in the class action. This appeal followed.

In order to understand the chronology and the reasoning of the trial judge in the instant appeal it is necessary to examine the prior class action, Callaizakis, *et al.* v. Astor Development, *et al.*, Case No. 69 CH 338. This cause of action was filed prior to the Freedman case. The Callaizakis case concerned defects in the construction of the condominium building of which the Freedmans were also complaining. The complaint in the Callaizakis case was substantially similar to the Freedmans', except it was maintained as a class or representative action and alleged to represent all the unit owners similarly situated. On January 11, 1971, the trial court certified Callaizakis as a class action lawsuit. In November of 1974, while the Freedman action was dormant, notice of the pendency of the class action was approved by the trial court and was sent to all the members of the class. The notice included a reply permitting any member of the class to exclude themselves from the class action. The notice also included a section notifying all the members of the class if they did not exclude themselves they would be bound by the results of the litigation. Several

owners of units did remove themselves from the class action, the Freedmans did not. The Callaizakis litigation proceeded to trial with extensive depositions from various plaintiffs concerning damage to their particular units. A settlement was reached on the day the Callaizakis case was called for trial. A notice of the pending settlement was prepared and sent to all members of the class. On April 28, 1975, the trial court entered an order approving the settlement of the litigation.

In *People v. Kidd* (1947), 398 Ill. 405, 408-09, the Illinois Supreme Court defined the doctrine of res judicata:

> "The doctrine of *res judicata*, briefly stated, is that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (*Harding Co. v. Harding*, 352 Ill. 417; 30 Am. Jur. 914, sec. 172.) * * * When a former adjudication is relied upon as an absolute bar to a subsequent action, the only questions to be determined are whether the cause of action is the same in both proceedings, whether the two actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it."

In the instant case, the cause of action is the same in the Freedman case as presented in the Callaizakis case; the Freedmans were party plaintiffs in the Callaizakis case, the settlement order in Callaizakis was a final decree upon the merits, and the order was clearly within the jurisdiction of the court which entered it. The trial court was correct in holding the Callaizakis case judgment to be res judicata in the Freedman case.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and ROMITI, J., concur.