R. W. WOLFE *et al.*, d/b/a R & W Wolfe Construction, *et al.*, Plaintiffs-Appellants, v. ILLINI FEDERAL SAVINGS AND LOAN ASSOCIATION *et al.*, Defendants-Appellees.

Fifth District No. 5—86—0362

Opinion filed July 21, 1987.—Rehearing denied August 18, 1987.

---

*Justice Lewis replaces Justice Jones, who retired after the cause was taken under advisement.

David C. Davis, of Runge & Gumbel, P.C., of Collinsville for appellants.

James H. Bandy, Ltd., of Belleville, for appellee Illini Federal Savings and Loan Association.

Daily & Walker, of Granite City, for appellee Ray Kaegel.

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs, R. W. Wolfe and William Wolfe, individually and doing business as R & W Wolfe Construction, and Deborah Wolfe and Opal Wolfe, commenced this five-count action against defendants Illini Federal Savings and Loan Association (Illini) and Ray Kaegel in his capacity as receiver, for damages to real estate owned by plaintiffs while the realty was in Kaegel's charge. The circuit court granted judgment to defendants as to all counts, and plaintiffs appeal.

Plaintiffs' complaint alleged the following facts: Plaintiffs owned real property improved with a residential structure which was the subject of a mortgage agreement between plaintiffs and Illini. On November 6, 1980, Illini commenced a foreclosure proceeding in the circuit court of Madison County, requested the court to appoint a receiver *pendente lite* and nominated Kaegel as receiver. The structure was vacant and unattended during the foreclosure proceeding. During Kaegel's receivership plaintiffs' insurance coverage on the realty

lapsed, Kaegel did not secure coverage, and vandals damaged the structure. Plaintiffs subsequently redeemed their ownership interest in the realty and sold it "below its market value." Kaegel's receiver's bond was insufficient to cover the vandalism damage to the realty.

In the first count of their complaint, the only count directed against Kaegel, plaintiffs alleged Kaegel breached his duty to post an adequate receiver's bond and knew or should have known the market value of the realty for the purpose of determining an adequate bond. In the second count, plaintiffs alleged Illini breached its duty to plaintiffs to select and nominate an individual reasonably capable of acting as receiver, that Kaegel failed to so act since he neither insured the property nor adequately supervised it, and that Illini knew or should have known "from previous dealings" with Kaegel that he was not capable of acting as receiver. In the third count, plaintiffs alleged Illini breached its statutory duty to either post an applicant's bond upon petitioning for appointment of a receiver or show good cause why bond should not be required and to give plaintiffs reasonable notice and an opportunity to be heard on the issue, and that Illini did none of these things. In the fourth count, plaintiffs alleged Illini breached its duty to plaintiffs to exercise ordinary and reasonable care in applying for appointment of a receiver by failing to apprise the circuit court of the market value of the realty or its unoccupied state and secluded location for the purpose of setting the receiver's bond. In the fifth count, plaintiffs alleged they and Illini stood in a relationship of trust and confidence which Illini breached by failing to post an applicant's bond and have the circuit court set a reasonable receiver's bond. Plaintiffs alleged this relationship of trust and confidence arose from plaintiffs' waiver in the mortgage agreement of their right to notice in any proceeding to have a receiver appointed. The circuit court entered summary judgment as to the first two counts as to both defendants and dismissed the remaining three counts.

Exhibits in the record include the record of the foreclosure proceeding. The foreclosure record indicates Kaegel submitted his final report and petition for discharge on December 16, 1982, and was discharged by the circuit court on December 22, 1982.

■■ ■ We first consider the judgment as to Illini. The complaint contains no allegations against Illini for any acts or omissions during the receivership itself. Rather, the allegations against Illini concern the manner in which the receivership was procured and Illini's judgment in nominating a receiver. As such, the instant action is a collateral attack upon the order of the circuit court in the foreclosure action appointing Kaegel as receiver. Supreme Court Rule 307(a)(2)

permits interlocutory appeal from an order appointing a receiver. (87 Ill. 2d R. 307(a)(2).) In general a party's failure to timely appeal an order appealable under Rule 307(a) renders that order the law of the case and that part of the resulting judgment *res judicata.* (See *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 544-45, 447 N.E.2d 288, 292; *Baird & Warner, Inc. v. Gary-Wheaton Bank* (1984), 122 Ill. App. 3d 136, 138, 460 N.E.2d 840, 842; Ill. Ann. Stat., ch. 110A, par. 307, Historical and Practice Notes, at 263-64 (Smith-Hurd 1985).) Where a court has jurisdiction both of the subject matter and the necessary parties, its appointment of a receiver cannot be assailed in a collateral proceeding, however erroneous it may be. (*Chicago Title & Trust Co. v. Mack* (1932), 347 Ill. 480, 483, 180 N.E. 412, 413; *cf. Keller v. Rodie* (1945), 326 Ill. App. 37, 41, 61 N.E.2d 387, 389 ("If the bond was not sufficient an application should have been made to require the filing of a sufficient bond to correct the defect. \*\*\*. Furthermore, the want of a sufficient bond not having been raised in the trial court, cannot be urged here on appeal").) In this collateral proceeding we are without authority to consider the propriety of the order of the circuit court appointing Kaegel as receiver.

■ We next consider the count directed against Kaegel. Kaegel argues plaintiffs could have objected to Kaegel's appointment as receiver and to any of Kaegel's acts or omissions as receiver until Kaegel's discharge, which was a final and appealable order. Kaegel maintains the instant original action against him constitutes an impermissible collateral attack against the order discharging Kaegel as receiver.

Kaegel's reliance on Supreme Court Rule 307(a) is partially misplaced. As we note above, Kaegel's appointment could not be attacked in this proceeding. However, Rule 307 does not expressly permit interlocutory appeal from an order approving the action of a receiver or discharging a receiver, and Kaegel provides no authority for so construing that rule. Rule 307 insofar as it concerns appeals from receivership matters should be construed *in pari materia* with section 2—415(c) of the Civil Practice Law, which provides that a court-appointed receiver may be sued in respect of any act or transaction of the receiver in carrying on the business connected with the property without the previous leave of the court in which the receiver was appointed. (Ill. Rev. Stat. 1981, ch. 110, par. 2—415(c).) The express language of section 2—415(c) appears to permit an original action against a receiver, and in practice an original action against a receiver has been permitted after discharge by the circuit court. (*City*

*of Chicago v. Hart Building Corp.* (1969), 116 Ill. App. 2d 39, 253 N.E.2d 496, *cert. denied* (1970), 398 U.S. 950, 26 L. Ed. 2d 290, 90 S. Ct. 1870; see also *Vander Vorste v. Northwestern National Bank* (1965), 81 S.D. 566, 138 N.W.2d 411, (holding a receiver is answerable for losses caused by failure to exercise the care and diligence an ordinarily prudent man would use in caring for his own property).) *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 427 N.E.2d 563, cited by Kaegel, is of little assistance on this point, since (as Kaegel notes) that case involves the dissolution of a receivership. We conclude the judgment must be reversed as to Kaegel and remanded to the circuit court of Madison County for further proceedings.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed as to defendant Kaegel and remanded to that extent and is affirmed in all other respects.

Affirmed in part; reversed and remanded in part.

KARNS, P.J., and HARRISON, J., concur.