CHRISTOS KANDALEPAS *et al.*, Plaintiffs-Appellees, v. SPYROS ECONOMOU *et al.*, Defendants-Appellants.

First District (5th Division) No. 1—88—2700

Opinion filed November 3, 1989.—Rehearing denied December 8, 1989.

Thomas G. Poulakidas, of Chicago, for appellants.

Benjamin Daidone, of Daidone & Daidone, P.C., of Niles, for appellees.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Defendants, Spyros and wife Eleni Economou, appeal from the trial court's order compelling them to sell their interest in real and personal property to plaintiffs, Christos and wife Georgia Kandalepas, and also from the order denying their petition to vacate the first order. Eleni Economou and Christos Kandalepas are sister and brother. Plaintiffs and defendants are 50% shareholders, respectively, in a corporation-partnership which owns property, including a restaurant, in Arlington Heights, Illinois. Plaintiffs Economou brought suit in 1982 to compel defendants' cooperation in renewing a liquor license for the restaurant, later amending their complaint (five times) to seek a dissolution of the corporation-partnership.

In April 1987, Christos Kandalepas and Spyros Economou entered into an agreed order whereunder they would jointly exercise a right of direction and would lease the property to a third person for at

least five years. In March 1988, plaintiffs filed a petition requesting vacatur of the agreed order because Spyros Economou allegedly did not comply with its terms. This petition was never ruled upon. Instead, after numerous settlement discussions, the parties and their attorneys appeared in court on June 25, 1988, and related that an agreement had been reached on all disputed matters except the issue as to which party would purchase the other party's interest in the property. The record is unclear as to who agreed to what after this, but it is clear that the dispute was resolved by the court tossing a coin—with plaintiffs, the Kandalepases—being the "winners," *i.e.,* they would purchase the Economous' 50% interest for $150,000. The court then entered an order to this effect. This appeal followed the trial court's refusal to vacate that order.

On appeal, the Economous claim the trial court had no jurisdiction to award the property to the Kandalepases and that it was an abuse of discretion to resolve the dispute by the toss of a coin. For the following reasons, we dismiss this appeal.

■ The June 24 order was an agreed order. Although the transcript of the hearing does not identify the participants in the action preceding the coin toss, the trial court later expressly stated that the parties had agreed to settle the dispute in this manner. An agreed order is a recordation of an agreement between the parties and not a judicial determination of their rights. (*Cooper v. Bi-State Development Agency* (1987), 158 Ill. App. 3d 19.) Generally, such a consent decree, absent fraud, is not appealable unless rights or interests of the public have been affected. (*People ex rel. Fahner v. Colorado City Lot Owners & Taxpayers Association* (1985), 106 Ill. 2d 1.) Moreover, denial of a motion to vacate a prior order disposing of all issues in litigation is subject to judicial review. *Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780.

■ First, we must reject defendants' contention that the trial court lacked jurisdiction to fashion a remedy different from any of those requested by the parties; such a limitation would be contrary to the goals of equity. (See, *e.g., Pope v. Speiser* (1955), 7 Ill. 2d 231; see also Ill. Rev. Stat. 1987, ch. 110, par. 2—604.) However, even if all parties had agreed to settling their dispute by having the trial court flip a coin, and even if defendants had not objected to the procedure until 10 days later, as alleged by plaintiffs, we still could not approve this unusual method of settling the litigants' differences.

It is true that Illinois law favors settlements. (*McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518.) It is also well recognized that equity courts have greater flexibility in determining relief appropriate

to the case before them. (*Shatz v. Paul* (1955), 7 Ill. App. 2d 223.) Although coin tossing has been used to settle disputes for several thousand years and, in fact, is still commonly practiced today, we cannot sanction its use as an "alternative dispute resolution" method in our courts of law (or equity). While we recognize that the coin toss in this case was not a form of gambling (see Ill. Rev. Stat. 1987, ch. 38, pars. 28—1, 28—2), it is indisputable that an act of chance determined which partner would be allowed to buy the other partner's interest. We can hardly consider this to constitute a balancing of the equities of the case and, instead, feel that it violates public policy.

 The only case law found that addresses use of a coin toss was issued by the Texas Court of Civil Appeals. In *Crawford v. Consolidated Underwriters* (1959 Tex. App.), 323 S.W.2d 657, the court held that a jury determination of the amount of a workers' compensation award by the flip of a coin constituted flagrant misconduct, but was not prejudicial error since the plaintiff benefited as a result. In the present case, we have a party (the Economous) claiming to have been prejudiced by the coin toss. Perhaps if the parties had agreed to toss a coin outside of the court's presence, we could tolerate the resultant court-approved settlement. However, we cannot sanction this method for resolving disputes by the court. Rather than tossing a coin, the court would have been on safer legal ground if it had ordered dissolution of the corporation (see Ill. Rev. Stat. 1987, ch. 32, par. 12.50(b)(1)) and a subsequent sale of the property.

 A consent order is a contract of the parties (*Prairie Material Sales, Inc. v. White Diamond, Inc.* (1987), 157 Ill. App. 3d 779) and does not represent judgment of the court (*In re Estate of Cohen* (1983), 112 Ill. App. 3d 265). As a result, an agreed order is generally not subject to appellate review. (*In re Haber* (1981), 99 Ill. App. 3d 306.) Such an order can be set aside only by agreement of the parties or upon a showing that it resulted from fraudulent misrepresentation, coercion, incompetence of one of the parties, gross disparity in the parties' bargaining positions, or newly discovered evidence. (*Bundy v. Church League of America* (1984), 125 Ill. App. 3d 800.) None of these reasons appear in this case.

 The order appealed from involved the trial court's refusal to vacate an agreed order that was based upon an oral agreement (contract) between the parties, which agreement was reached in a manner offensive to public policy. When an agreement is held to be against public policy, it is considered illegal; the parties are *in pari delicto*, and the courts will leave them in the positions in which they have placed themselves. (*Leoris v. Dicks* (1986), 150 Ill. App. 3d. 350.) The

order will not be set aside nor will its terms be judicially enforced. *Schnackenberg v. Towle* (1954), 4 Ill. 2d 561.

In hopes that the parties can settle their differences by some legally recognized method not offensive to Illinois public policy, this appeal is dismissed.

Dismissed.

PINCHAM and COCCIA, JJ., concur.