CHRISTOS KANDALEPAS *et al.*, Plaintiffs-Appellees, v. SPYROS ECONO-MOU *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—92—4126

Opinion filed December 30, 1994.

246

Thomas G. Poulakidas, of Chicago, and Nicholas T. Kitsos, of Oak Brook, for appellants.

Michael W. Rathsack, of Chicago (Benjamin Daidone, of counsel), for appellees.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Following the dismissal, on appeal, of a trial court order compelling defendants, Spyros Economou and Eleni Economou, to sell their interest in certain real estate and personal property to plaintiffs, Christos Kandalepas and Georgia Kandalepas (see *Kandalepas v. Economou* (1989), 191 Ill. App. 3d 51, 547 N.E.2d 496), plaintiffs filed a motion for summary judgment in favor of their claim for the dissolution of the parties' corporation and their claim for the dissolution of the parties' partnership and the appointment of a receiver to sell property owned by the partnership. On April 29, 1991, the trial court entered an order granting plaintiffs' motion for summary judgment. On October 19, 1992, defendants filed a cross-motion for involuntary

dismissal claiming that the trial court did not have jurisdiction to enter the order of summary judgment because an earlier agreed order of April 30, 1987, requiring that a rental agent be appointed to lease the subject property was still in effect. On October 30, 1992, the trial court denied defendants' cross-motion. On appeal, defendants contend that the trial court erred in refusing to enforce a prior settlement agreement entered into by the parties as reflected in the agreed order of April 30, 1987.

We affirm.

## BACKGROUND

Plaintiffs and defendants were each 50% owners of real estate in Arlington Heights, Illinois, by virtue of being equal partners in a partnership. Located on that parcel was a restaurant known as the Big House restaurant which was operated by the parties' corporation, Econ Kan. On May 27, 1982, plaintiffs filed an action seeking an order to compel defendants to join plaintiffs in the renewal of a liquor license for the Big House restaurant. Plaintiffs subsequently amended their complaint (five times) to include claims for the dissolution of the partnership, the dissolution of Econ Kan, and for the appointment of a receiver for the purpose of selling the property owned by the parties' partnership.

On April 30, 1987, the parties entered into an agreed order whereby they would jointly exercise a right of direction and would lease the subject property "as is" to a third party for a period of at least five years. On March 22, 1988, plaintiffs filed a petition to vacate the agreed order of April 30, 1987, on the grounds that defendants had not complied with it. In their response to plaintiffs' petition, defendants denied that they had failed to comply with the agreed order of April 30, 1987. The petition was never heard or ruled on by the trial court.

Instead, after numerous negotiations, the parties appeared in court on June 24, 1988, and related that the parties had agreed upon all previously disputed matters except for the dispute as to which party would purchase the other party's interest in the property. The trial court resolved this issue by tossing a coin and awarding plaintiffs, as winners of the toss, defendants' 50% interest in the property for $150,000. The trial court then entered an order reflecting the award to plaintiffs of defendants' interest in the property for $150,000. On July 18, 1988, defendants filed a petition to vacate the order of June 24, 1988, asserting that defendants never agreed to sell the property to plaintiffs, that they had never agreed to or accepted the terms of the settlement agreement, and that they never autho-

rized their attorney to enter into the settlement agreement on the terms established by the trial court's order of June 24, 1988. On July 18, 1988, plaintiffs filed a petition to enforce the settlement order of June 24, 1988. On July 28, 1988, plaintiffs responded to defendants' petition to vacate the order of June 24, 1988, asserting that they denied that the order was not accepted by defendants and that they denied that defendants' attorney was not authorized to accept the settlement order. On August 1, 1988, the trial court denied defendants' motion to vacate the June 24, 1988, settlement order.

On August 26, 1988, defendants filed a notice of appeal from the orders entered on June 24, 1988, and August 1, 1988, respectively. This court dismissed the appeal holding that the order of June 24, 1988, could neither be set aside nor judicially enforced because a court-approved settlement, as a result of a coin toss within the court's presence, violates public policy. See *Kandalepas*, 191 Ill. App. 3d at 54-55.

On March 8, 1990, defendants filed a petition to enforce the agreed order of April 30, 1987. In response, on April 27, 1990, plaintiffs filed an answer to defendants' petition to enforce the agreed order of April 30, 1987, claiming that defendants had abandoned the agreed order and had entered into further negotiations which led to a new agreement. On May 29, 1990, the trial court denied defendants' petition.

On February 20, 1991, plaintiffs filed a motion for summary judgment in favor of their claims to dissolve the parties' businesses and to appoint a receiver to sell the property owned by the parties' partnership. On April 29, 1991, the trial court entered an order granting summary judgment in favor of plaintiffs' motion.

On May 24, 1991, defendants filed a petition to set aside the April 29, 1991, order which awarded summary judgment in favor of plaintiffs and to enforce the agreed order of April 30, 1987. In response, on July 15, 1991, plaintiffs filed an answer to defendants' petition claiming that the parties had abandoned the agreed order of April 30, 1987. On September 10, 1991, the trial court denied defendants' motion to set aside the April 29, 1991, order granting summary judgment in favor of plaintiffs.

On October 1, 1991, defendants filed a notice of appeal from the order of April 29, 1991. Defendants subsequently filed a motion for directions with this court inquiring as to whether this court had jurisdiction to review the order being appealed. This court determined that it did not have jurisdiction to review the order being appealed and dismissed the appeal without prejudice and remanded the case to the trial court for further proceedings not inconsistent with the dismissal.

On October 19, 1992, defendants filed a cross-motion for involuntary dismissal claiming that the case had been previously dismissed with prejudice by the agreed order of April 30, 1987. On October 30, 1992, the trial court entered two orders. One of the orders granted plaintiffs' motion to voluntarily dismiss the remaining counts of plaintiffs' complaint and denied defendants' cross-motion for involuntary dismissal. The other one approved the final report of the receiver, ordered that the receiver be compensated for his services out of the escrow funds being held at the Harris Bank in Wilmette and that the balance of the funds in the escrow account be paid to the clerk of the circuit court of Cook County, and discharged the receiver and his agents relieving them of any responsibility for any unpaid and accrued debts arising during the term of his receivership.

On November 23, 1992, defendants filed their notice of appeal from the order of April 29, 1991, granting summary judgment in favor of plaintiffs, and the order of October 30, 1992, denying defendants' cross-motion for involuntary dismissal.

OPINION

The sole issue that defendants raise on appeal is their claim that the trial court erred in refusing to enforce a prior settlement agreement entered into and reflected in the agreed order of April 30, 1987.

Plaintiffs, however, contend that defendants have waived the appellate review of that part of the order of April 29, 1991, which appointed a receiver because defendants did not file a notice of appeal challenging the appointment of a receiver within 30 days of the appointment. Plaintiffs also maintain that, under the same reasoning, any review of the receiver's actions pursuant to the directions of his appointment is waived because it is not merely the appointment as receiver that a party would be challenging on appeal, but also the receiver's authority to act pursuant to the order which appointed him. In addition, plaintiffs contend that defendants' appeal is moot because even if the order of April 29, 1991, were reversed and the case were remanded, the trial court could not fashion effective relief because the property that was once owned by the parties' partnership and leased to their corporation has been sold and the funds distributed. As such, plaintiffs posit that this appeal by defendants is moot.

■ While it is true that, under Supreme Court Rule 307(a)(2), an order appointing a receiver is appealable as a matter of right (87 Ill. 2d R. 307(a)(2)), a notice of appeal challenging the appointment of a receiver filed more than 30 days after the appointment is ineffective to confer jurisdiction on the reviewing court. (See *Wolfe v. Illini*

*Federal Savings & Loan Association* (1987), 158 Ill. App. 3d 321, 323-24, 511 N.E.2d 828.) The record reveals that defendants filed a notice of appeal from the April 29, 1991, order on October 1, 1991. Accordingly, that part of the April 29, 1991, order which appointed a receiver has been waived and, as a result, we are without authority to consider the propriety of that portion of the April 29, 1991, order which appointed a receiver. See *Wolfe*, 158 Ill. App. 3d at 324.

Moreover, even if the portion of the April 29, 1991, order which appointed a receiver were properly before this court, we hold that plaintiffs are correct in asserting that this appeal by defendants is moot. In Illinois, an issue is moot when no actual rights or interests of the parties remain or where events occur which render it impossible for the reviewing court to grant effectual relief to either party. (See *Hightower v. Duffy* (1989), 192 Ill. App. 3d 65, 83, 548 N.E.2d 495.) A reviewing court should not resolve moot issues merely to establish precedent or to guide potential future litigation. (See *Hightower*, 192 Ill. App. 3d at 83.) In the present case, the record reveals that while plaintiffs originally filed an action to compel defendants to cooperate in the renewal of a liquor license for the establishment operated by the parties' corporation on property owned by the parties' partnership, plaintiffs amended their complaint to include actions for dissolution and for the appointment of a receiver to sell the property owned by the partnership. Thus, the parties' dispute, in large part, focused on the property owned by their partnership. Indeed, the thrust of defendants' appeal seeks to enforce the agreed order of April 30, 1987, which required the parties to jointly exercise a right of direction thereby leasing the property to a third person for at least five years.

The April 29, 1991, order appointed a receiver. Pursuant to the order, the receiver was charged with selling the property owned by the parties' partnership at a public sale. That duty was accomplished and the property once owned by the parties' partnership and leased to the parties' corporation has been sold and the funds from that sale have been distributed. The order of October 30, 1992, indicates that the receiver's report was approved and that the receiver and his agents have been discharged. As such, we conclude that defendants' appeal is moot because, even if defendants prevailed on this appeal, no effective relief could be granted by the trial court.

However, even were the issue raised by defendants properly before this court, we conclude that the trial court properly entered the order of summary judgment in favor of plaintiffs on April 29, 1991.

Initially, defendants contend that the trial court erred in enter-

ing the summary judgment order of April 29, 1991. Defendants argue that since a valid consent decree is binding upon the parties and is enforceable the same way as any other judgment (see *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 790, 424 N.E.2d 911), the trial court did not have jurisdiction to enter the summary judgment order of April 29, 1991, because the agreed order of April 30, 1987, was still binding on the parties. Defendants maintain that since a trial court lacks jurisdiction to modify an agreed order more than 30 days after its date of entry, but does have jurisdiction to enter subsequent orders that are intended to implement such orders, the April 30, 1987, agreed order was still binding and the only jurisdiction that the trial court had was to enter an order enforcing the compliance of the agreed order of April 30, 1987.

Plaintiffs contend that the trial court retained complete jurisdiction of the entire matter because the agreed order of April 30, 1987, did not limit the court's jurisdiction to the enforcement of the agreement, but rather gave the court continuing general jurisdiction until all of the provisions of that agreement were fulfilled. Plaintiffs assert that the provisions of the April 30, 1987, agreed order were not complied with and that the parties acknowledged the noncompliance with the agreement, although they quibbled as to who was at fault. Plaintiffs also contend that even if the trial court lost jurisdiction after the agreed order of April 30, 1987, the parties revested the trial court with jurisdiction because the parties appeared before the court on June 24, 1988, when the new agreement was entered into and both sides sought the court's approval and involvement in the proposed new settlement agreement. Plaintiffs posit that "[n]o one objected to the trial court's jurisdiction in 1988."

■ In Illinois, even though a trial court loses jurisdiction once 30 days have passed after the entry of its judgment, a trial court's jurisdiction revests when the parties actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment. (See *People v. Kaeding* (1983), 98 Ill. 2d 237, 241, 456 N.E.2d 11; *Comet Casualty Co.*, 98 Ill. App. 3d at 792.) Conduct which is inconsistent with a prior order is any conduct which can reasonably be construed as an indication that the parties do not view the prior order as final and binding. (See *Gentile v. Hansen* (1984), 131 Ill. App. 3d 250, 255, 475 N.E.2d 894.) In the case at bar, the parties entered into subsequent negotiations resulting in a new settlement agreement as reflected in the June 24, 1988, order of the trial court. The 1988 agreement was significantly different from the 1987 agreement. The record reveals that when the parties returned to the trial court on August 1, 1988, nobody denied that further negotiations had

taken place and that a new agreement had been reached on June 24, 1988. Moreover, in their petition to set aside the order of April 29, 1991, defendants conceded that an agreement was reached in 1988 and that the court was informed of the new agreement. Accordingly, the parties' conduct indicates to us that they did not view the agreed order of April 30, 1987, as binding. As such, the parties revested the trial court with jurisdiction over their dispute.

Next, defendants contend that the trial court's order of April 29, 1991, entering summary judgment in favor of plaintiffs was barred by the doctrine of *res judicata*. Defendants assert that the doctrine of *res judicata* holds that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action (see *Freedman v. Astor Development Co.* (1978), 63 Ill. App. 3d 998, 1000, 380 N.E.2d 961), and that since the parties and cause of action in the present case were the same when the trial court entered the agreed order of April 30, 1987, and when the trial court entered the order of April 29, 1991, granting summary judgment in favor of plaintiffs, the trial court was barred from entering the order of summary judgment.

Plaintiffs, however, contend that the principle of *res judicata* is not applicable in the present case because an agreed order is contractual in nature and is subject to explicit or implicit modification or abandonment by the parties at any time. Plaintiffs posit that since the agreed order of April 30, 1987, was subsequently abandoned, the doctrine of *res judicata* does not apply.

■ In Illinois, an agreed order is not a judicial determination of the parties' rights, but rather is a recordation of the agreement between the parties. (See *In re Haber* (1981), 99 Ill. App. 3d 306, 309, 425 N.E.2d 1007.) It is merely a recitation of the settlement agreement between the parties and, like any other agreement, its interpretation is governed by the law of contracts. (See *Clark v. Standard Life & Accident Insurance Co.* (1979), 68 Ill. App. 3d 977, 983, 386 N.E.2d 890.) As such, it may be cancelled, rescinded, or modified by operation of law or by the explicit or implicit agreement of the parties. (See *Volk v. Kendall* (1979), 71 Ill. App. 3d 211, 213, 389 N.E.2d 697.) As previously discussed, the record reveals that the parties abandoned the agreed order of April 30, 1987, in favor of a new settlement as reflected by the order of June 24, 1988. As a result, we hold that the doctrine of *res judicata* is inapplicable to the case at bar.

Defendants' final contention is that because they never explicitly or implicitly consented to the modification or abandonment of the

agreed order of April 30, 1987, it is still in effect and should be enforced.

■ We, however, hold that defendants' contention in this regard is without merit because, as previously discussed, the parties entered into subsequent negotiations resulting in a new agreement as reflected in the order of June 24, 1988, revealing that they abandoned the agreed order of April 30, 1987.

For all of the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GORDON and McNULTY, JJ., concur.