GORDON J. GRUBERT *et al.*, Plaintiffs-Appellees, v. COSMOPOLITAN NATIONAL BANK OF CHICAGO, as Trustee, *et al.*, Defendants-Appellants (John Kevorkian *et al.*, Defendants).

Second District  No. 2—94—0384

Opinion filed January 9, 1995.

Lee M. Weisz, of Braun & Rivkin, Ltd., and Aaron Spivack, of Law Offices of Aaron Spivack, both of Chicago, for appellants.

Donald H. Segel, of Segel & Siegel, and Harold I. Levine, of Harold I. Levine, Ltd., both of Chicago, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Defendants, Cosmopolitan National Bank of Chicago (Cosmopolitan) and Juliette Kevorkian, are mortgagors of real property that was purchased by the plaintiffs-mortgagees, Gordon J. and Susan Grubert, at a judicially ordered foreclosure sale. The other named defendants failed to appear and were subsequently defaulted.

On appeal, defendants argue that the trial court's order confirm-

ing the sale improperly reduced the price which plaintiffs bid for the property at the sheriff's sale. Plaintiffs argue that the order was proper because defendants consented to the price reduction. We reverse the trial court's order and remand for further evidentiary proceedings on whether the order confirming the sale properly included a consensual revision of the previously established bid price.

Plaintiffs brought this suit pursuant to the Illinois Mortgage Foreclosure Law (Act)(735 ILCS 5/15—1101 *et seq.* (West 1992)). Plaintiffs sought to foreclose on property that was held as security on a note upon which they alleged $439,749 was due. Plaintiffs also requested interest, attorney fees, and costs, as provided for by the Act. 735 ILCS 5/15—1504(a)(3) (West Supp. 1993).

Defendants admitted that they were in default on the note, but did not concede the amount for which they were liable. On June 2, 1993, pursuant to section 15—1506 of the Act (735 ILCS 5/15—1506 (West 1992)), the trial court entered a judgment of foreclosure and sale.

After proper notice, on January 2, 1994, a public foreclosure sale was held. Plaintiffs made the sole bid at the sale. According to the sheriff's report of the sale, the bid price was $551,816.61, an amount which represented $551,201.61 due plaintiffs pursuant to the judgment of foreclosure, plus $615 to be retained by the sheriff as a commission. The sheriff's report broke down the amount due plaintiffs into the following elements:

| | |
|---|---|
| Amount due under judgment | $469,445.00 |
| Interest through 1/10/94 | 27,201.52 |
| Attorney Fees | 13,500.00 |
| Publication Costs | 1,206.47 |
| Costs of Suit | 240.00 |
| Title Change | 500.00 |
| Miscellaneous | 2,737.00 |
| Real Estate Back Taxes | 36,271.62 |
| Sheriff's Fee | 615.00 |
| | |
| (SHERIFF'S) TOTAL | $551,816.61 |

(Our calculations indicate the total should be $551,716.61. This in no way affects the amount bid at the foreclosure sale.)

On January 26, 1994, plaintiffs filed the statutorily required motion to confirm the sheriff's sale (735 ILCS 5/15—1508 (West Supp. 1993)), attaching a copy of the sheriff's report. That same day the court granted defendants five days to file objections to the motion to confirm the sale and set the matter for hearing on February 2, 1994.

On February 2, 1994, the court entered a written order confirming the sheriff's report of sale and denying defendant's objections to the confirmation. The court further ordered that plaintiffs, having made the successful bid, were entitled to possession of the premises within 30 days of the ruling.

Among the findings in the order was the following, which contained handwritten alterations of the typewritten language:

> "That both parcel 1 and parcel 2 having been offered for sale separately at the aforesaid Sheriff's Sale and the Plaintiffs having made a combined bid equal to the amount of the Judgment for both parcels in the amount of $~~$551,816.61~~ **551 816.61 is hereby reduced to 507,640.45 reflecting the parties agreement as to interest, credit for rent and real estate taxes unpaid by defendants and plaintiff.**" (The portions of text in bold face were handwritten alterations.)

On page three of the order, immediately following the language "IT IS THEREFORE ORDERED," the order states:

> "That the sale of the mortgaged real estate involved herein, and the Report of Sale and Distribution filed by the Sheriff of Lake County are hereby approved, ratified and confirmed; **except that the amount of judgment, amount bid at sale and amount realized from the sale of the mortgaged real estate is amended to $507,640.45**[*]" (The portions of text in bold were handwritten alterations.)

The asterisk refers to a two-part handwritten insertion at the bottom of the page, which states:

> "The Report of Sale and Distribution is amended to reflect [that] interest on the amount due under the judgment is $25,697.30, the amount for real estate taxes of $36,271.62 is deleted and the sum of $6,300 is credited.
>
> These amounts were agreed to by the parties[.]"

The first section is written in black ink; the second, in a different handwriting, is in blue ink. The typewritten order as a whole was drafted by plaintiffs' attorneys.

On March 4, 1994, defendants filed a "petition to reconsider" the order. The petition asserted that the amount of the judgment, $551,816.61, which was also the amount bid at the sheriff's sale, did not accurately reflect plaintiffs' expenses. Specifically, the judgment allegedly overstated the reasonable attorney fees, costs, and expenses (including real estate taxes paid to date) for which plaintiffs were entitled to recompense.

The petition argued further that the order confirming the sale was invalid because it arbitrarily reduced the sale price bid to less than the $551,816.61 that plaintiffs actually bid and the sheriff ac-

cepted. The plaintiffs argued that, pursuant to the statutory provision for confirmation provided by the Act (735 ILCS 5/15—1508 (West Supp. 1993)), the trial court lacked the authority to reduce the amount bid at the foreclosure sale.

The trial court denied the petition to reconsider, and defendants timely appealed. On appeal, defendants renew their argument that the trial court lacked the authority to reduce the amount bid at the sheriff's sale. Plaintiffs reply that the court could order such a reduction because the parties agreed to the revision and that defendants may not now seek review of an order to which they consented.

■ A foreclosure sale is not final until it is confirmed, an action which rests within the circuit court's discretion. (*Blancett v. Taylor* (1955), 6 Ill. 2d 434, 437.) Under section 15—1508(d) of the Act (735 ILCS 5/15—1508(d) (West Supp. 1993)), the trial court may refuse to confirm a judicial foreclosure sale only for certain notice defects or for "good cause shown" upon a hearing pursuant to section 15—1508(b). (735 ILCS 5/15—1508(b) (West 1992).) Section 15—1508(b) provides that the court *shall* confirm the sale unless: (1) there has been a failure to give proper notice; (2) the terms of sale were unconscionable; (3) the sale was conducted fraudulently; or (4) justice was otherwise not done. 735 ILCS 5/15—1508(b) (West Supp. 1993).

We agree with defendants that section 15—1508 does not authorize the trial court simply to revise the amount of the bid made at the foreclosure sale. Allowing the trial court such power, at least without fitting its exercise within one of the four statutorily specified categories, would amount to a judicial amendment of the statute. Moreover, it would undermine the finality of the results of a properly conducted judicial sale.

Plaintiffs do not attempt to fit the trial court's action within one of the four specified grounds that we have set out. Rather, they rely on the principle that, absent circumstances not present here, a party may not seek review of an order to which it has agreed. They note correctly that such an order is a recordation of the parties' agreement and not a judicial determination of their rights and that, absent fraud, such a consent decree is not appealable unless rights or interests of the public have been affected. (*People ex rel. Fahner v. Colorado City Lot Owners & Taxpayers Association* (1985), 106 Ill. 2d 1, 8-9; *Kandalepas v. Economou* (1989), 191 Ill. App. 3d 51, 53.) Plaintiffs argue further that defendants had ample opportunity to avoid the alleged mistakes in the consent order of confirmation, and they invoke the settled rule that "[c]ourts will not refuse to confirm a judicial sale or order a re-sale [*sic*] on the motion of an interested party, merely to protect him against the result of his own negligence,

where he is under no disability to protect his own rights at such sale." *Abbott v. Beebe* (1907), 226 Ill. 417, 420.

The record on appeal does not include the report of the proceedings that led to the allegedly consensual changes in the order of confirmation. Although the defendants, as appellants, were obligated to provide this court with a record that is sufficient to sustain their claim of error (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92), we need not strictly apply this general rule under the particular (and peculiar) circumstances of this case.

■ We believe that, in the interests of justice, there must be a remand to the trial court so that it may hold an evidentiary hearing on the nature of the handwritten amendments to the order of confirmation. Should the court find that the amendments do in fact represent the agreement of the parties, it may properly hold them to that agreement. Otherwise, the trial court may not enforce an order which lowers the amount bid absent the parties' agreement or statutory authority. In the latter event, the court must restore the original sale price as reported by the sheriff. The distribution of the surplus of the bid price over the amount due will be governed by section 15—1512 of the Act. 735 ILCS 5/15—1512 (West 1992).

The judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and THOMAS, JJ., concur.