# Illinois Official Reports

## Appellate Court

---

### *ING Bank, FSB v. Tanev*, 2014 IL App (2d) 131225

---

| | |
|---|---|
| Appellate Court Caption | ING BANK, FSB, Plaintiff-Appellee, v. BOJIDAR TANEV, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-1225 |
| Filed<br>Rehearing denied | August 5, 2014<br>October 9, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a mortgage foreclosure action, the trial court's order vacating the initial judicial sale to plaintiff bank, due to a bidding error by the bank, which resulted in a surplus, and permitting a second sale, in which the bank was again the successful bidder, but with a deficiency, was upheld on appeal, notwithstanding defendant's contention that the trial court could not refuse to confirm the first sale based on the bank's unilateral mistake, *e.g.*, the bidding error, since a judicial sale is not final until it is confirmed by the trial court following a hearing on a motion for confirmation, and in the instant case, neither party filed a motion to confirm the first sale and defendant's inaction in the face of the bank's motion to vacate the first sale and conduct and confirm the second sale waived his right to object. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 10-CH-5375; the Hon. Mitchell L. Hoffman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Andjelko Galic, of Chicago, for appellant.

Daniel J. May, of Weltman, Weinberg & Reis, of Chicago, for appellee.

Panel

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice McLaren concurred in the judgment and opinion.

**OPINION**

¶ 1 In this foreclosure action, defendant, Bojidar Tanev, challenges the trial court's order vacating, due to a bidding error, a judicial sale (in which plaintiff, ING Bank, FSB, was the successful bidder and which resulted in a surplus) and permitting a second sale (in which plaintiff was again the successful bidder but which resulted in a deficiency). In addition, defendant appeals the court's order granting plaintiff leave to file a second amended report of sale. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3 On September 22, 2010, plaintiff filed a complaint seeking to foreclose on a mortgage executed by defendant, in relation to defendant's property in Libertyville. Although he was served with a summons, defendant did not appear. On April 12, 2011, the court entered a default judgment of foreclosure and sale in the amount of $283,816.50.

¶ 4 On July 14, 2011, after due notice, a judicial sale was held. Plaintiff submitted an opening bid of $376,000 and was the successful bidder. Although various status orders in the record reflect plaintiff's subsequent appearance for "presentation of motion to confirm sale," no such motion appears in the record. Accordingly, it appears that neither plaintiff nor defendant moved to confirm the July 14, 2011, judicial sale.

¶ 5 On September 28, 2011, defendant filed for bankruptcy.

¶ 6 On January 10, 2012, plaintiff moved to vacate the judicial sale. Again, no motion to confirm was pending. Plaintiff represented that it had "erred in its bidding instructions submitted to counsel, resulting in an incorrect amount being bid at the sale." Defendant does not dispute that he received notice of the motion. He did not respond or appear at the hearing on the motion and, on January 27, 2012, the court granted the motion and vacated the sale.

¶ 7 On February 23, 2012, after due notice, a *second* judicial sale was held. Plaintiff was again the successful bidder, this time bidding $286,436.

¶ 8 Plaintiff moved to confirm the second sale. On March 9, 2012, the motion to confirm the sale was set for a hearing, and defendant appeared for the first time and responded to the motion. In his response, defendant argued that: (1) the first sale should not have been vacated; and (2) the second sale should not be confirmed, because there were deficiencies in the preparation and filing of sheriff's reports (including that the report of sale contained

blank lines for the amount of the bid and the deficiency). Defendant asserted collusion between plaintiff and the sheriff's office. Therefore, on November 14, 2012, the court granted defendant 45 days to depose the selling officer and to investigate facts surrounding the second sale and any relevant documents. Also on November 14, 2012, the court granted plaintiff leave to file a second amended report of sale, which reflected the bid and deficiency amounts. Defendant did not depose anyone within the 45-day period, and the court found that he waived the right to do so. The court ultimately determined that defendant's allegations of collusion were unfounded.[1]

¶ 9    On April 15, 2013, defendant moved to vacate the January 27, 2012, order (vacating the first sale) and to confirm the first sale. Defendant argued that a court may not refuse to "confirm" a properly conducted sale based on one party's unilateral mistake (*i.e.*, plaintiff's bidding error). On April 18, 2013, after a hearing, the court denied defendant's motion. The court found relevant that no motion to confirm the first sale was filed before the motion to vacate. Further, the court found that waiver was at issue because defendant was given notice of the motion to vacate the first sale but he never appeared or responded. Finally the court noted that it did not modify the first sale but, rather, vacated it entirely and a new sale was held. The court also rejected defendant's arguments concerning alleged deficiencies in the sheriff's reports and it confirmed the second sale.

¶ 10    On May 23, 2013, defendant moved to reconsider the April 18, 2013, order. On October 16, 2013, after a hearing, the court denied defendant's motion. Defendant appeals.

¶ 11                                    II. ANALYSIS

¶ 12    We first address plaintiff's argument that defendant lacks standing to pursue this appeal. Plaintiff argues that defendant's arguments are all premised on an assumption that he was harmed when the first sale (resulting in a surplus) was vacated and the second sale (resulting in a deficiency) was confirmed. Plaintiff notes that, after the first sale, defendant filed for bankruptcy protection. Thus, it argues, defendant would not have received any benefit if the first sale had been confirmed, because any surplus would have been an asset of the bankruptcy estate and any claim to that surplus would need to be pursued by a trustee. Further, plaintiff argues that defendant is not liable for any deficiency from the second sale. Plaintiff concludes that defendant has suffered no injury in fact and therefore lacks standing to appeal the trial court's decisions.

¶ 13    Plaintiff acknowledges that it did not raise the standing argument before the trial court and that standing is considered an affirmative defense that is forfeited if not raised in a timely manner. See 735 ILCS 5/2-613(d) (West 2012); *In re Estate of Henry*, 396 Ill. App. 3d 88, 93 (2009). However, plaintiff asserts that standing affects justiciability and that we should

---

[1]The court stated:

"[Y]ou were alleging something that caused me great concern. You were alleging collusion actually between *** this law firm and the sheriff. As a result of that I made sure that the sheriff was notified of the allegation. I gave you leave to take whatever discovery you wanted to pursue that rather disturbing allegation, you didn't conduct much of any discovery, you didn't uncover anything new, and you really didn't show me any evidence that there was any collusion whatsoever. So as far as I'm concerned[,] it was just speculation on your part and a fair [*sic*] conclusion with no support."

- 3 -

consider its argument because forfeiture is a limitation upon the parties, not the courts. *Henry*, 396 Ill. App. 3d at 93-94. Nevertheless, we find plaintiff's standing argument forfeited here.

¶ 14   In *Henry*, despite forfeiture, the court addressed a standing argument; however, it did so because all facts necessary to resolve the issue were before it. *Id.* Here, there is apparently no dispute that defendant filed for bankruptcy. Plaintiff notes, however, that the bankruptcy case was terminated before the first sale was vacated. It does not cite the record to support this proposition (and we found only a bare assertion to that effect, in plaintiff's reply in support of a motion), but it does not address whether, if, in fact, the bankruptcy case was terminated *before* the first sale was vacated, defendant might now have standing to pursue the resulting surplus. As defendant filed no reply brief on appeal, we do not have argument from him on the standing issue. Accordingly, where it is not clear that we possess sufficient facts or argument to properly address it, we decline to reach the merits of plaintiff's standing argument and we honor the forfeiture.

¶ 15   Turning to the merits of the appeal, we address first defendant's contention that the trial court erred in granting plaintiff's motion to vacate the first sale. Defendant argues that the court did not have authority to vacate the sale because of plaintiff's mistaken bid. He asserts that a judicial sale must be confirmed if the only argument against confirming it is a unilateral mistake by one of the interested parties and, similarly, that a party may not seek a second sale to protect itself from its own negligence. Defendant argues that the court erred in finding that he forfeited his "rights" to a surplus by failing to object to plaintiff's motion to vacate the first sale. We disagree.

¶ 16   Section 15-1508 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1508 (West 2012)) imposes upon courts various obligations in confirming judicial sales. See *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). Nevertheless, section 15-1508's obligations are not triggered until a motion to confirm the sale is filed by one of the parties.[2] *Id.* Specifically, "[u]nder the terms of the statute, a court *** has mandatory obligations to (a) conduct a hearing on confirmation of a judicial sale where a motion to confirm has been made and notice has been given, and, (b) following the hearing, to confirm the sale unless it finds that any of the four specified exceptions are present." *Id*. However, "[t]he exercise of discretion in applying section 15-1508(b) is necessary only when the requirements of that law have become operative. Under the terms of the statute, they do not become operative until they have been invoked by a motion requesting confirmation of the sale." *Id.* at 179. Accordingly, a judicial sale is not final until it is confirmed by the trial court, after a hearing following a motion for such a hearing. See *Citicorp Savings of Illinois v. First Chicago Trust Co. of Illinois*, 269 Ill. App. 3d 293, 300 (1995). Prior to a motion to confirm, "[t]he highest bid at a judicial sale is merely an irrevocable offer to buy the subject property, the acceptance of which does not take place until the court confirms the sale, before

---

[2]Section 15-1508(b) provides: "(b) Hearing. *Upon motion* and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale." (Emphasis added.) 735 ILCS 5/15-1508(b) (West 2012).

which there is no true sale in any legal sense." *Fleet Mortgage Corp. v. Deale*, 287 Ill. App. 3d 385, 388 (1997); see also *Household Bank*, 229 Ill. 2d at 181.

¶ 17    Here, the record reflects that neither party filed a motion to confirm the first sale (again, section 15-1508(b) simply provides that a hearing will be held "[u]pon motion," without specifying who must file said motion) and, therefore, section 15-1508 was not triggered. Given that section 15-1508's limited bases for refusing to confirm a sale are not at issue here, the question is simply whether the trial court had authority to vacate (as opposed to refuse to confirm) the first sale. Nevertheless, defendant essentially argues that the trial court was obligated to confirm the first sale, even absent a motion to do so. Specifically, he asserts that the court did not have authority to vacate the sale and order a resale in order to "correct a mistaken sale bid." We initially note that this argument rests on an invalid premise, because the court here did not "correct a mistaken sale bid." The court vacated the first sale upon plaintiff's motion. In fact, the important distinction is made apparent in a case upon which defendant heavily relies.

¶ 18    In *Grubert v. Cosmopolitan National Bank of Chicago*, 269 Ill. App. 3d 408 (1995), the trial court was presented with a motion to confirm a judicial sale (unlike with the first sale here). It entered an order confirming the sale, but, in doing so, it reduced the bid to an amount that the plaintiff alleged comported with the parties' agreement after the sale. The appellate court held that section 15-1508 does not authorize a trial court to simply revise a bid amount when confirming a sale, noting that such actions could undermine the finality of a properly conducted sale. *Id.* at 411. However, critically, the appellate court remanded for the trial court to hold an evidentiary hearing and noted that, if the trial court found that the amended bid amount did, in fact, comport with the parties' agreement, then the court *could* hold them to that agreement, *i.e.*, change the bid amount. *Id.* at 412.

¶ 19    Thus, defendant's reliance on *Grubert* is misplaced. Again, as there was no pending motion to confirm the first sale here, the parameters of section 15-1508, which prohibited the trial court from modifying the bid in *Grubert*, are not at issue here. Further, the trial court here did not modify the bid but rather vacated the nonfinal, unconfirmed sale outright, and, subsequently, a second sale was conducted. Thus, the court here did not "correct" a mistaken bid. Accordingly, if *Grubert* is at all instructive here, it is because the decision reflects that a judicial sale is not necessarily absolutely fixed and unchangeable. As *Grubert* does not stand for the proposition that a trial court is obligated to confirm a judicial sale and, again, as case law holds that a judicial sale is not final until confirmed (*Citicorp Savings*, 269 Ill. App. 3d at 300), it does not convince us that the court here erred.

¶ 20    In fact, our supreme court's decision in *Household Bank*, also a foreclosure case, reflects that a trial court is not obligated to confirm a judicial sale and may, instead, vacate it when the party who initiated the foreclosure decides not to pursue it. In *Household Bank*, the plaintiff moved to confirm a judicial sale but then withdrew the motion and moved to vacate the sale. The supreme court held that, even where it adversely affected third-party interests, the trial court did not err in granting the motion to vacate. *Household Bank*, 229 Ill. 2d at 179-80. Therefore, defendant's argument that the trial court here was somehow obligated to confirm the first sale, or was precluded from vacating it, must fail.

¶ 21    Defendant also relies heavily on an aged supreme court case, *Abbott v. Beebe*, 226 Ill. 417, 420 (1907), where the court stated: "Courts will not refuse to confirm a judicial sale or order a re-sale on the motion of an interested party, merely to protect him against the result of

his own negligence, where he is under no disability to protect his own rights at such sale." Defendant argues that the court here erred in ordering a resale to protect plaintiff from its negligence in communicating incorrect bid instructions to its counsel. While the language defendant cites appears, at first blush, to support his argument, closer inspection reflects that defendant's reliance on *Abbott* is misplaced. First, *Abbott* did not involve a foreclosure or the Foreclosure Law. Rather, in *Abbott*, heirs to a property were aware that it would be sold at a judicial sale, but they made no effort to delay the sale or facilitate an increase in bid prices. The trial court later refused to confirm the sale, because the heirs objected that the bids were too low. The *Abbott* court ruled that low bids could not, alone, serve to defeat a judicial sale, particularly where the heirs had notice of the sale but did nothing to prevent the outcome. *Id.* at 421. As such, the court's concern in *Abbott*, as applied here, actually works against defendant. Indeed, the relevant failure to act here must be attributed to defendant, who received notice of the first sheriff's sale and notice of plaintiff's motion to vacate the sale but did nothing.

¶ 22 Second, while it is true that the *Abbott* court noted that stability in judicial sales is necessary to induce persons to become purchasers and that, therefore, sales should "not be disturbed for slight causes" (internal quotation marks omitted) (*id*. at 420), we disagree that the sale here was disturbed for a slight cause or that, ultimately, the court's decision to grant plaintiff's motion constitutes an abuse of discretion. See *Northwest Diversified, Inc. v. Mauer*, 341 Ill. App. 3d 27, 33 (2003) (generally, a court's decision on a motion to vacate a judicial sale is reviewed for an abuse of discretion). Specifically, we cannot find that the court abused its discretion where: (1) plaintiff, the purchaser and only party to appear on record, moved to *vacate* the sale, *not* to amend it; (2) plaintiff alleged that its bid instructions to counsel were in error; (3) there was no pending motion to confirm the sale; and (4) despite notice, defendant did not appear or object to plaintiff's motion to vacate.

¶ 23 Defendant asserts that he was not required to act to avoid waiving his "right" to a surplus. Not only does he cite no authority for this proposition, but he ignores that courts routinely find that parties have intentionally relinquished known rights through their inactions. See, *e.g.*, *Quick & Reilly, Inc. v. Zielinski*, 306 Ill. App. 3d 93, 99 (1999) ("waiver may be inferred when a party intentionally relinquishes a known right, either expressly, as by objection, or by conduct, such as silence, inconsistent with an intent to enforce that right"). We further note that, although defendant asserts that the law does not require him to "do anything" to claim a surplus and that therefore the court erroneously found that he waived his right to a surplus, defendant incorrectly frames the issue. The court did not find that defendant waived his right to a surplus. Rather, the court determined that defendant waived his right to object to plaintiff's motion to vacate the sale. In other words, even if defendant was not required to do anything to claim a surplus, his silence and inaction when that surplus was jeopardized by a motion to vacate the sale resulted in a waiver thereafter of the right to object to that motion. In sum, the trial court did not err in vacating the sale.

¶ 24 Defendant's additional arguments on appeal pertain to the sheriff's allegedly deficient actions. To the extent that the arguments pertain to deficiencies in the documents filed after the first sale, we reject them because that sale was vacated. To the extent that the arguments pertain to the second sale, we reject them because defendant cites no authority for the proposition that technical defects in the documents would require us to vacate a sale. Ill. S. Ct. R. 341(h) (eff. Feb. 6, 2013); *Vilardo v. Barrington Community School District 220*, 406

Ill. App. 3d 713, 720 (2010) (undeveloped arguments, or contentions with some argument but no authority, are forfeited). Moreover, those technical defects were corrected with amended reports. To the extent that defendant challenges the trial court's decisions to allow plaintiff to file the amended reports and allegedly "late" documents, those claims either are forfeited for failure to raise them below (*e.g.*, defendant's contention that the court allowed plaintiff to file a second amended report of sale without establishing good cause for the delay in doing so) or simply do not establish an abuse of discretion. See *Martinez v. River Park Place, LLC*, 2012 IL App (1st) 111478, ¶ 29 ("It is well settled that issues not raised in the trial court are deemed forfeited and may not be raised for the first time on appeal."). Finally, while defendant again raises vague suggestions of collusion between plaintiff and the sheriff's office, he was provided ample opportunity to support his claims, failed to do so, and, therefore, has not established that the court abused its discretion in rejecting those claims.

¶ 25                                    III. CONCLUSION
¶ 26            For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

¶ 27            Affirmed.